JOHNSON *v.* THE STATE OF GEORGIA.

1. That the defendant was a juror for the week during which his case was called for trial, was not ground for continuance.
2. A sale of liquor to a minor without written authority, by a dealer himself or another for him, is a violation of law.
3. A sale by another than the dealer with his permission and not by his order or direction, is a different offence from a sale by him or by his order or direction. But a sale by the dealer's clerk in his presence is in effect a sale by the dealer.
4. Newly discovered evidence impeaching and cumulative in its character, with no reason for not discovering it at or before the trial, is not ground for new trial.

October 28, 1889.

Criminal law.   Continuance.   Liquor.   Minors. Charge of court.   Evidence.   Before Judge VAN EPPS. City court of Atlanta.   March term, 1889.

Reported in the decision.

ARNOLD & ARNOLD and R. L. SIBLEY, for plaintiff in error.

F. M. O'BRYAN, solicitor, for the State.

BLANDFORD, Justice.

1. Johnson was indicted for selling spirituous liquors to a minor and found guilty. The first error complained of in his motion for a new trial is the refusal of the court to continue the case on the ground that the defendant was a juror for the week during which the case was called for trial. We think there is nothing in this ground. He does not show any reason why he was unable to prepare his case, other than his attendance upon the court as a juror; and we think the court could very well refuse to continue the case for that reason, it not being shown to the court that he had any witness absent, or what he expected to prove by any absent witness, or why he was otherwise less prepared to go to trial than he would be if not a juror as stated.

2. It is further complained that the court charged the jury that by the terms of the statute, a sale by a liquor dealer, either by himself or by another for him, is in violation of the law. We think this charge is in accordance with the statute. Code, §4540(a).

3. The next error alleged is, that the court charged that " section 4540(a), by its very terms, makes all persons connected with the sale or retailing of spirituous, intoxicating or malt liquors responsible, whenever a minor is furnished therewith, unless they have written authority from the parent or guardian of such minor; and it matters not whether the proprietor sells or furnishes liquor directly by himself, or it is furnished indirectly by another in his employment, or whether he was present or not, or knew the facts and consented to it, he is, under that act, guilty of criminal negligence, and is on that account liable to criminal prosecution.

His offence is complete whenever it is shown that intoxicating drink was sold or furnished to a minor by any one acting in his place of business and in any capacity whatever, either as clerk, bartender or otherwise."

We do not approve of this charge. It is too broad, and goes beyond the section of the code referred to by the court. That section makes it an offence for one to sell or furnish spirituous liquors to a minor by himself or another; that is the act of the party himself. But where the liquor is sold or furnished to a minor by a person other than the defendant and not by his order or direction, if he permit it to be done, this is a different offence under the code. If the liquor was furnished or sold to a minor by a person other than the accused and not under his order and direction, it was his duty to prevent it from being done. His failing to do so makes him liable as permitting it to be done; and he should be so charged in the indictment; but he was not so charged in this case. Allowing the charge of the court on this subject to be error, we do not reverse the case, because there is sufficient evidence in the record to show that the accused was present when spirituous liquor was sold to the minor mentioned in the indictment by his clerk, and this is the same as if he did it himself.

4. The next ground of complaint is that the court erred in refusing a new trial on the ground of newly discovered evidence of certain parties named, as shown by the affidavits annexed to this ground. There is no reason shown why this evidence was not discovered at or before the trial if it was material; and besides, the testimony sought to be adduced is impeaching and cumulative in its character, and as this court has frequently held, a new trial will not be granted for the discovery of such evidence.      *Judgment affirmed.*