voters moving into the county between the times prescribed for registration, thus disfranchising a large number of voters, and for that reason it is unconstitutional; that it requires separate lists of registration for white and colored voters to be kept and sent to the election managers, thus making a discrimination contrary to the constitutions of Georgia and the United States; that in the bonds to be issued is a provision that the county binds itself to collect during each year, in excess of the interest on these bonds, $1,200 to be deposited in some solvent bank and used for no other purpose than as a fund to pay off these bonds as they mature, for which reason it is submitted that these bonds would be good and valid without any election, said sum being less than one fifth of one per cent. of the taxable property of the county. Finally it is shown that the county authorities under this election have issued the bonds, made a contract for their sale, and contracted for the building of the courthouse; that the contractor and the commissioners have gone forward in good faith, and about $15,000 have already been expended by the contractor on the building, which is now ten or fifteen feet above the ground in process of erection, a large amount of material being on hand therefor; for all of which reasons the good faith of the county is pledged, and equity demands that the bonds be sold and the proceeds applied as the law directs.

HOYL & PARKS, by brief, for plaintiff.

J. M. GRIGGS, by J. H. LUMPKIN, for defendant.

---

HARKEY *v.* THE STATE.

1. Even if a person indicted for furnishing intoxicating liquors to a minor without written consent of the parent or guardian can defend the charge by showing that he had exercised due diligence to ascertain whether the alleged minor was of full age or not, and

as the result of such diligence believed *bona fide* that he was of full age, and acted upon that belief in furnishing the liquors, evidence that the minor appeared to be and told the accused he was over 21 years of age, and made similar representations to various barkeepers, which representations were known to the accused, would not be sufficient to establish due diligence, and for this reason the exclusion of the evidence is not cause for a new trial, no additional evidence tending to show diligence being offered, and the accused in his statement to the court and jury denying that he furnished any liquor to the alleged minor, or that he knew him.

2. The evidence warranted the verdict, and there was no error in denying a new trial.                    *Judgment affirmed.*

July 4, 1892.

Criminal law.  Selling liquor to minor.  Before Judge WESTMORELAND.   Criminal court of Atlanta.   March term, 1892.

Conviction of selling liquor to a minor.   The special assignment of error is, that the court sustained the objection to the following questions asked of a witness by the defendant's counsel: "Is it not true that Dock Thompson [the minor] represented to various persons, barkeepers, that he was over 21 years of age before the time that this offence is alleged to have been committed, and was that not known to the defendant Harkey?   Is it not true that the witness Dock Thompson represented to the defendant Harkey that he was over twenty-one years old at the time of the alleged offence." Also, that the court refused to allow the defendant to prove that Dock Thompson appeared to be over 21 years old.

R. J. JORDAN and F. M. O'BRYAN, for plaintiff in error.

LEWIS W. THOMAS, solicitor, *contra.*

THOMAS *v.* THE STATE.

1. Facts which are appropriate matter for a motion for continuance are not ground for a new trial where no such motion was made, although the trial took place shortly after the homicide was committed, and although the accused was confined in jail continuously