## BURNETT v. THE STATE.

1. Section 4540(a) of the code, which makes it penal to furnish intoxicating liquors to a minor, is violated by a person who receives money from a minor with which to procure and pay for such liquor, and at the minor's request purchases and delivers it to him. The belief of such person that the minor was an adult will not protect him, unless this belief was honestly entertained after making proper and reasonable inquiry into the facts—such inquiry as would be reasonable at the time under all the circumstances of the transaction.

2. The mere denial by the accused in his statement, in speaking of the alleged minor, that he " did not know that he was not of age; had not known him long; thought that he was grown," would not of itself warrant the jury in finding non-age, there being no evidence on that subject, according to the agreed brief of evidence. For this reason the court erred in not granting a new trial.

July 3, 1893.      *Judgment reversed.*

Indictment for selling and furnishing spirituous and intoxicating liquors to a minor. Before Judge RICHARD H. CLARK. Rockdale superior court. April term, 1893.

Burnett was found guilty of furnishing spirituous liquors to a minor. He moved for a new trial on the general grounds, and on alleged error in the charge of the court, to wit: "If you believe that the defendant delivered the whisky to Mr. Ferrell and that he was a minor at the time it was delivered, it would be your duty to find him guilty, unless defendant made diligent inquiry to ascertain whether he was a minor; and it would be his duty, whether agent of the buyer or seller, it would be his duty to make strict inquiry as to whether the purchaser was a minor or not." A further assignment of error was upon the refusal of the court to charge thus: "If you believe that the purchaser, Mr. Ferrell, had the appearance of an adult and looked like a man grown, and that the defendant bought the whisky at his request, purchaser furnishing money and bottle, then the jury would be authorized to acquit the defendant."

The only evidence was the testimony of Ferrell, that he gave Burnett some money between seven and eight o'clock at night, and told him to go and get Ferrell some whisky, and within two or three hours thereafter defendant brought Ferrell some corn whisky. Ferrell did not remember the amount of money nor the quantity of whisky, nor where defendant got it. He sent defendant for it and furnished him a bottle, etc. The defendant stated, that Ferrell asked him to go and get him some whisky; gave him fifty cents and a bottle, and he went to Covington on the accommodation, bought the whisky and came back on a freight-train between ten and eleven o'clock at night, and delivered the whisky to Ferrell; did not furnish him with whisky, but merely delivered to him his own whisky; did not

know that he was not of age; had not known him long; thought that he was grown.

J. R. Irwin and A. C. Perry, for plaintiff in error.
John S. Candler, solicitor-general, *contra*.