## SOUTHERN EXPRESS COMPANY *v.* THE STATE.

A carrier who transports for hire a package containing spirituous liquors, and whose only undertaking is to carry and deliver the goods, the property of the consignee, at destination, does not by delivery violate a statute in force in the county of delivery, which provides that it shall be unlawful for any person or persons to sell, either directly or indirectly, or furnish at any place of business or any public place, by any device whatever, any intoxicating, spirituous, or malt liquors, there being in this State no provision of law which makes penal the transportation of liquors into a county where the sale of liquor is prohibited.

Argued March 6,—Decided March 15, 1899.

Indictment for unlawfully furnishing liquors. Before Judge Fite. Bartow superior court. January term, 1899.

*Fleming G. duBignon*, for plaintiff in error.
*Samuel P. Maddox, solicitor-general*, contra.

LITTLE, J. The grand jury of Bartow county returned a special presentment against the plaintiff in error, charging it with a misdemeanor. The specific allegation of such charge is, that the plaintiff in error, on the first day of November, 1898, in Bartow county, being a corporation there doing business, did unlawfully furnish, to certain persons named, intoxicating, alcoholic, and malt liquors, at the office of the plaintiff in said

county, the same being a public place. The case was tried under an agreed statement of facts, which was, in substance, that the plaintiff in error was a common carrier; that as such it received, by its agent at Cartersville in said county, and at its office which was located in the depot of the W. & A. R. R., a public place, packages of spirituous liquors in jugs and bottles, for various parties resident in Bartow county, and delivered these articles to the persons "to whom they belonged. The shipments of such articles were made from points within the State of Georgia where the sale of such liquors is authorized by law. The shipments were not made collect on delivery, nor were any special conditions or instructions attached. The parties to whom the articles belonged, and to whom they were consigned and delivered, paid the agent of the plaintiff in error, at the time of the delivery, only the express charges for transportation. Under the charge of the court, the jury returned a verdict of guilty against the plaintiff in error. It made a motion for new trial, on the ground that the verdict was contrary to law and to the evidence, and because the court erred in charging the jury that, if the jury believed the facts submitted under the agreed statement, the plaintiff in error was guilty of the offense charged in the indictment. The motion for new trial was overruled, and exception taken to this action of the court. No question is made on the legality of the special presentment, nor on the liability of the plaintiff in error to be so charged and tried. The special presentment was based on an act of the General Assembly, admitted to have been in force in Bartow county at the time named, which provides as follows: "It shall not be lawful for any person or persons to sell, either directly or indirectly, or furnish at any place of business or any other public place, by any device whatever, any intoxicating, alcoholic, spirituous, vinous, or malt liquors within the limits of said county." The act contains a proviso to which it is not necessary that reference should be here made.

The evident object of this act was to curtail and restrict the use of intoxicating and malt liquors in Bartow county. It entirely prohibits any sale of such liquors. It also prohibits the furnishing at any place of business or other public place

in said county, by any device whatever; and the single question presented to us for determination is, what is the legal meaning and significance of the word "furnish," as used in the statute? That meaning and significance, of course, which the lawmakers intended it should have, must be given to it. The primary object being to restrict the use of liquors, and the sale and purchase being the method by which the use is most generally extended, the General Assembly forbade the sale absolutely, but went further, in order to accomplish the purposes intended, and declared that the furnishing at any place of business or other public place, by any device whatever, should be a misdemeanor. Liquors are always furnished when there is a delivery, but a person may be furnished by other means than a sale, and the General Assembly, by the use of the word, intended to impose further restrictions than those embraced in the prohibition of the sale. It is made a misdemeanor to sell or to furnish by any device whatever. While the meaning of the word "furnish" is not restricted, the language "by any device whatever," used in connection with that word, would seem to indicate that it meant to reach a class of cases not technically sales, because of some device which prevented the act of furnishing from being a sale. If this be a fair criticism of the words used, then the evident intention of the lawmakers was to reach a class of cases which involved some of the elements of a sale, but which might not be obnoxious to the statute because of a device by which other elements of a sale were wanting. But however this may be, we are not disposed in this case, even by fair implication, to abridge the construction which might otherwise be placed on the words of the act. Treating them as making an inhibition against furnishing liquors at any place of business or any other public place in Bartow county, we come to inquire whether, under the agreed statement of the facts, there was a violation of the statute.

The plaintiff in error is a common carrier, and as such is bound to receive and transport articles and property offered to it for shipment under reasonable rules and regulations. In the case of *Fears* v. *State*, 102 *Ga.* 274, this court held that notwithstanding the local option liquor law was in force in a

particular county, a right of property in spirituous and malt liquors existed in that county. Being property, it was, under existing law, the duty of a·common carrier to receive and transport it for a reasonable hire, according to the direction of the owner or sender of the same, unless such transportation has been prohibited by the lawmaking power. It has been held that where such statutes are in force, common carriers are not bound to transport commodities, for the doing ·of which they would incur a penalty, as such carriers are neither required nor permitted to do illegal acts. 59 Vt. 266.. And where an act forbade the conveyance of liquors by express companies, it was held that the driver of a team for one who undertakes to deliver liquor is punishable. 76 Iowa, 122. The lawmaking power of this State has not yet seen proper to declare the transportation of liquors by common carriers illegal; and inasmuch as rights are vested in liquors, just as they are in any other property, it is, in the absence of such a statute as we have indicated, the public duty of the carrier to receive and transport liquors. But it may be said that, notwithstanding the duty, and notwithstanding the fact that after such transportation and the arrival of the property in Bartow county, the carrier was forbidden to deliver such property to the owner at any place of business or in any public place, although he might be allowed to deliver it in a private place. This can not be a proper interpretation of this act. The law does not contemplate that the exercise of duties placed upon persons for the benefit of the public be made privately, not openly, secretly and not in the full light of day. The secret, as well as the open traffic in liquors, is what this act prohibits. The bargain and sale, as well as the device in furnishing, are equally obnoxious to its terms. The mere delivery by a carrier of liquors to the consignee in Bartow county does not come, as we understand it, within the prohibition of furnishing such liquors. "Furnish" is "to provide for use; to supply." A "furnisher" is "one who furnishes or provides supplies of any kind." Century Dict. A "furnisher" is "one who supplies or fits out." Webster's Int. Dict. To furnish or supply necessarily carries with it the idea of ownership, property in, or

dominion over the thing furnished by the one who furnishes. Counsel for defendant in error cites us to the case of *Burnett* v. *State*, 92 *Ga.* 474, where this court held, that where one receives money from a minor with which to procure and pay for liquor, and at the minor's request purchases and delivers liquor to him, this would be furnishing intoxicating liquors to a minor. With the correctness of the decision made in that case we are entirely satisfied. But the principle involved there has no application, as we think, here. It is true that the liquor purchased was with money the property of the minor, but it is not true that when his agent purchased the liquor with the minor's money it became the property of the minor. It was unlawful to sell to him. While his agent was guilty of furnishing liquor to a minor, the original owner was none the less so, if he knew that the person procuring the liquor was the agent of a minor. It has been repeatedly held, that a saloon-keeper who allows an adult to buy intoxicating liquor and give it to a minor to drink in his saloon, is guilty of a violation of the statute against furnishing liquors to minors. People *v.* Neumann (Mich.), 48 N. W. Rep. 290; State *v.* Best (N. C.), 12 S. E. Rep. 907; 25 Ohio St. 381. In the Neumann case, supra, it was held that "if the liquor belonging to the person and under his control is, by his consent or connivance, permitted to be taken and drank by the minor, whether it is passed to him direct or from the hands of another is immaterial; the liquor in either case is furnished to such minor, within the meaning of our statute." But it must be noted, that in the case relied on by the State the agent received from the minor the money with which to purchase the liquor. He therefore did not simply bring to him the liquor, but he also purchased it for him, and certainly he supplied it, for he had dominion over it. There was no legal duty on him to carry and deliver the liquor. Indeed, it was his legal duty not to do so. The cases are not parallel. Delivery by a seller of goods to a carrier to be transported to the purchaser, the consignee, without more, is a delivery to the purchaser, under the ordinary contract of purchase; and, under the agreed statement of facts when the packages of liquor were delivered to the express company at the shipping-point, the sale was complete at

the shipping-point, and vested title to the property in the consignee. *Doster* v. *State*, 93 *Ga.* 43. If anything was required further to be done to complete the sale—such, for instance, as if the express company had received the packages to collect on delivery, then the sale, as has been ruled by this court in the case of *Crabb* v. *State*, 88 *Ga.* 584, would have only been completed on the delivery of the goods to the consignee, and the agent of the express company so delivering and collecting the amount of the purchase-price would have been guilty of selling. The sale having been completed at the place of the shipment, and title to the property having vested in the consignee by delivery to the carrier at that point, it only remained for the express company to transport and deliver it. This, under existing law, it was bound to do, and in so doing it was in no sense the furnisher of the liquor, which the packages contained, to the consignees.

*Judgment reversed. All the Justices concurring.*