### 426.  NEWSOME v. THE STATE.

1. A liquor dealer who in one county receives by mail an order for intox-
icating liquor from a minor in another county, and who fills the order
by shipping the liquor by express to the latter county, where it is
delivered to the minor, may be indicted and punished in either of the
counties named, for a violation of the Penal Code, § 444.

2. A liquor dealer who ships whisky to a customer not personally known
to him does so at his peril; for if the customer prove to be a minor
or other person to whom the furnishing of intoxicating liquors is for-
bidden, the dealer's ignorance of that fact will not excuse him from
criminal responsibility.

Indictment for furnishing liquor to minor, from Berrien supe-
rior court—Judge Mitchell.  March 25, 1907.

Submitted April 22,—Decided May 9, 1907.

*Cranford & Wilcox,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

The plaintiff in error was indicted for causing intoxicating
liquors to be furnished to a minor.  He pleaded not guilty, and
his case was tried before the court without the intervention of a
jury, upon the following agreed statement of facts:.  "On Jan-
uary 31, 1907, one Joe Davis, at Nashville, Ga., sent by mail to
W. D. Newsome, at Valdosta, Ga., a letter signed by himself, stat-
ing as follows: 'Enclosed find money order for $3.50, for which
please send me two quarts of Montreal Malt and two quarts of your

best 75 cent rye.' The said Joe Davis was then and there at Nashville, Berrien county, Georgia. W. D. Newsome was then and there a licensed liquor dealer in the city of Valdosta, Lowndes county, Georgia. The said W. D. Newsome, upon receipt of said order, immediately sent by express, via Southern Express Company, to the said Joe Davis at Nashville, Ga., the whiskies and liquors ordered, and the Southern Express Company received the same at Valdosta, in Lowndes county, Georgia, and transported the same to Nashville, Ga., in Berrien county, where R. L. Ferguson, as the agent of the Southern Express Company at Nashville, Ga., Berrien county, delivered the same then and there to the said Joe Davis. The said Joe Davis was a minor under 21 years of age. The liquors as aforesaid, as stated, were delivered to the Southern Express Company in Lowndes county, Georgia, by the said W. D. Newsome; and the Southern Express Company, a common carrier, conveyed the same, as stated, to Nashville, Ga., the express being paid by the minor who was the consignee (Joe Davis), at Nashville, Ga.; the said W. D. Newsome not having first obtained the written authority, from either a parent or guardian of the said Joe Davis, to sell or furnish any liquors to the said Joe Davis. That said W. D. Newsome, after receiving the order signed by Joe Davis, as aforesaid, without inquiry as to whether the said Joe Davis was or was not a minor, shipped the liquor as stated. The particular whisky shipped had not, at the time the order was received, been separated from the general stock of the said W. D. Newsome in his saloon, at Valdosta, Lowndes county, Georgia, but was separated therefrom after the receipt of said order and its acceptance, and delivered to the carrier, the Southern Express Company, as aforesaid. The liquors furnished were intoxicating. The delivery to the carrier, as stated, was for the purpose of shipment under the usual contract specifying its conveyance and delivery to the consignee at Nashville, Berrien County, Georgia. It was contemplated by the parties at the time the order was sent and received and accepted, that the whisky was to be sent by express, as stated." He was adjudged guilty, and excepted.

POWELL, J. (After stating the foregoing facts.) The Penal Code, §444, makes it criminal for "any person, by himself or another," to "sell, or cause to be sold, or furnished," to any

minor any spirituous, malt, or intoxicating liquors, unless such person shall first obtain the written consent of the minor's parent or guardian. In this State, as in most of the States, this statute has been broadly and liberally construed in favor of the protection thus afforded against the obtaining of intoxicating liquors by minors. The word "sell," appearing in the statute, is of course not to be taken in the strict technical sense of the word. One of the elements contained in the definition of a "sale," as this term is ordinarily used in laws and court language, is competent parties. A minor not being a competent party to obtain liquor, there can be no sale to him, in the technical sense. The statute, therefore, makes punishable those acts which would amount to a sale of the liquors if the minor were a competent contracting party. If a liquor dealer in county A receive an order for whisky from a lawful customer in county B, and from his store, in county A, ship the whisky by a common carrier to the purchaser in county B, a sale has taken place in county A. If, under the same circumstances, the order be sent by an unlawful customer,—a minor, —and the goods be shipped, no sale, in the strict sense of the word, has taken place, but the quasi sale contemplated by the Penal Code, §444, has been consummated at the place where the delivery was made to the carrier; hence the liquor dealer may be indicted in that county.

But the sale or quasi sale is not the only offense under this statute. To furnish liquors or cause them to be furnished is also criminal. This offense is not complete until the minor receives possession of the liquors. If a minor in DeKalb county send a private person into Fulton county to buy liquor for him, and this private person disclose to the dealer the fact that he desires the liquor for a minor, and the dealer send the liquor by this private person, who delivers it to the minor in DeKalb county, the dealer may be indicted in Fulton county for the quasi sale; both the dealer and the private person through whom the delivery was effectuated may be indicted in DeKalb county for furnishing the liquor and causing it to be furnished; likewise where delivery is made through a common carrier. The purpose, the unbroken judicial construction, in fact the very language, of this statute, distinguishes the case at bar from the line of cases holding that in ordinary sales of intoxicating liquors, as well as of other com-

modities, the sale is complete at the place where delivery is made
to the carrier. Those cases (e. g. *Dunn* v. *State,* 82 *Ga.* 27;
*Southern Express Co.* v. *State,* 107 *Ga.* 670, and cases cited is
therein) all proceed upon the theory that the common carrier is
the agent of the consignee to receive for him the goods and trans-
port them; and therefore delivery to the carrier is delivery to the
consignee. *Watkins* v. *Paine,* 57 *Ga.* 50.

If the sale be lawful at the place where the goods are tendered
to the carrier, it can not refuse them; it is a public agent for such
purposes. But the carrier is not a public agent for unlawful pur-
poses. If it accepts for transportation liquor consigned from a
dealer to a minor, it carries it not as the minor's property, for
the law will not let the title pass, but as the dealer's. *Burnett*
v. *State,* 92 *Ga.* 474; *So. Ex. Co.* v. *State,* 107 *Ga.* 674. The
carrier can not by contract, express or implied, nor by virtue of
any public duty, become or agree to become the minor's agent to
accept for him delivery of a thing which the law forbids that he
should receive. This principle existing in the law of agency is
too universally recognized to require citation of authority. The
two cases just cited above make it plain that there is no legal duty
on the carrier to receive and transport the liquor in such cases;
that, on the contrary, the law forbids it; and if the carrier de-
livers the liquor to the minor, he and the dealer are both princi-
pals in the crime of furnishing and causing to be furnished liquor
to a minor. *So. Ex. Co.* v. *State,* ante, 700. Since the crime
of furnishing becomes complete in the county where the minor
actually obtains personal possession of the liquor, venue may be
laid there.

2. That a defendant who furnishes liquor to a minor happens
to be ignorant of the minority is no excuse. Most States recog-
nize no exceptions to this rule. 17 Am. & Eng. Enc. Law (2d
ed.) 335. Georgia is somewhat more liberal, and allows the ac-
cused to show, in defense, that after honest inquiry and the exer-
cise of due diligence he bona fide believed, and was justified in
believing, that the person to whom the liquor was furnished was
at the time of full age. Certainly a dealer who fills an order
without inquiry is not within the protection of this exception.
*Loeb* v. *State,* 75 *Ga.* 258; *Harkey* v. *State,* 89 *Ga.* 478; *Burnett*
v. *State,* 92 *Ga.* 474; *Blodgett* v. *State,* 97 *Ga.* 351.

*Judgment affirmed.*