## 1272. SOUTHERN EXPRESS COMPANY *v.* THE STATE.

1. In misdemeanors, all who perpetrate, aid, or abet the offense are principals.

2. If a person sells intoxicating liquor to a minor and ships it to him by a common carrier, and the carrier or its agent has information as to what is contained in the package and delivers it to the minor, the person selling, the carrier transporting, and the agent delivering, and all others who actively aid or abet the transaction are guilty, as principals, of a violation of the Penal Code, §444, which forbids the selling or furnishing of intoxicating liquors to minors. If, however, the carrier or its agent does not know that the package contains intoxicating liquors, and there is in the circumstances nothing from which the jury would be authorized to infer guilty knowledge by the carrier or its agent, a verdict finding the carrier guilty of the offense is, as a matter of law, contrary to the evidence.

Indictment for furnishing liquor to minor, from city court of Quitman—Judge McCall. June 18, 1908.

Argued November 10, 1908.—Decided April 15, 1909.

*Stanley S. Bennet, McDaniel, Alston & Black,* for plaintiff in error.

*J. W. Edmondson, solicitor,* contra.

POWELL, J. The indictment was returned by the grand jury of Brooks county jointly against H. J. Sandlin, a saloon proprietor, the Southern Express Company, a common carrier, and Hewitt, its agent at Dixie, Georgia, charging them with furnish-

ing or causing to be furnished to one Curtis Crane, a minor, certain intoxicating liquors, without the written consent of his parent or guardian. The case was transferred to the city court of Quitman, and the express company alone was put upon trial. Many exceptions of law are taken, but we think it is necessary to reverse the judgment for lack of evidence to support the conviction. Crane, the minor, sent the money for the liquor to Sandlin at Valdosta, and Sandlin in turn delivered the liquor to the express company, in a plain package without anything to indicate its contents, and paid the charges thereon. Hewitt, the agent at Dixie, without knowing what was in the package, and, so far as the record shows, without suspecting it to be whisky, delivered it to the minor.

Under these circumstances, Sandlin was guilty of furnishing liquor to the minor at Dixie, the place at which the delivery took place. *Newsome* v. *State,* 1 *Ga. App.* 790 (58 S. E. 71). The express company, if it had delivered the liquor knowing it to be liquor, or under such circumstances as to imply guilty knowledge against it, would have been guilty also, having aided and abetted the unlawful act of Sandlin; for in misdemeanors all who aid and abet the commission of the offense, as well as those who immediately perpetrate it, are principals, and may be severally or jointly indicted as such. *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (58 S. E. 67); *Loeb* v. *State,* this day decided, ante, 23 (64 S. E. 338).

We pointed out in the *Newsome* case, supra, that on account of the fact that the minor can not appoint the express company, directly or by implication, as his agent to receive and transport the liquor for him, the relation of that company to the transaction is that of aider or abettor to the act of the barkeeper, if what was done by the express company was knowingly done. While a person may be guilty, either as actual perpetrator or as aider or abettor, of selling liquor to a minor, although he does not know the person to whom it is sold or furnished is a minor, yet we know of no rule by which he can be convicted upon such a transaction, where he was ignorant of the fact that what was being sold or furnished was liquor. To this extent, at least, guilty knowledge is necessary. Knowledge of the agent of the express company would be its knowledge. In this case no such knowledge is shown.

We do not say, nor does able counsel for the plaintiff in error contend, that knowledge may not be implied by the jury from circumstances such as the character of the package or the particular marks upon it, or other similar things. In this case, so far as the record shows, neither the express company nor its agent had guilty knowledge as to the contents of the package; and the verdict is therefore, as a matter of law, contrary to the evidence.

*Judgment reversed.*