### 9034. BRACEWELL *v.* THE STATE.

1. The court did not err in allowing the witness Wynn to testify that he was jointly indicted with this defendant and had pleaded guilty to the same charge, the jury being sufficiently instructed that "any plea. he made would not bind the defendant."

2. An attorney is both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner than by virtue of his relations as at-torney, or by reason of his anticipated employment as attorney. Penal Code (1910), § 1037 (5).

3. The charge of the court excepted to in ground 3 of the amendment to the motion for a new trial, when considered together with the general charge, fully and fairly instructed the jury on the subjects of presumption of innocence and burden of proof, and is not subject to any of the criticism made thereon.

4. The court did not err in defining to the jury a principal in the first degree and a principal in the second degree, and in instructing them that all persons aiding and abetting in the perpetration of a misde-meanor are indictable as principals.

5. The court sufficiently instructed the jury on circumstantial evidence and reasonable doubt, and the exceptions taken to the charge in grounds 5 and 6, complaining that the court failed so to do, are therefore without merit.

6. The remaining ground of the motion for a new trial, not being argued in brief of counsel for the plaintiff in error, will be treated as aban-doned.

7. The evidence authorized the verdict, and the court committed no error in refusing the defendant a new trial.

DECIDED OCTOBER 31, 1917.

Accusation of dynamiting fish; from city court of Dublin— Judge Flynt. June 30, 1917.

*John R. Cooper*, for plaintiff in error.

*S. P. New, solicitor*, contra.

HARWELL, J. The defendant was charged, jointly with one Wynn, of dynamiting fish, and was found guilty. The evidence shows that the defendant suggested to Wynn that they go down to Turkey Creek and get a mess of fish, and together they went to the creek. Defendant was not seen to have any fishing tackle of any kind when he went to the creek. A large explosion was heard at the creek, and when witnesses who heard it arrived at its source they found the water muddy, dead fish floating on its surface, and saw the defendant and Wynn gathering in the fish. Wynn was in the water picking up fish, and the defendant on the bank with a dip-net dipping them up. The defendant was afterward seen on his way home with the fish; and when asked if they were fit to eat, he replied that they were. We think the evidence amply supports the verdict; and the errors alleged to have been committed on the trial are dealt with in the headnotes to this decision.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*