### 13653.  JACKSON *v.* THE STATE.

1. A new trial was not required because of the refusal to continue the case on account of the absence of certain witnesses who were expected to impeach the State's witness by proof of his bad character; nor because the judge, in the presence of the jury, near the close of the evidence, said he was informed that these witnesses were on their way to court, and that he desired to know whether the defendant wished him to hold the case open in order that they might testify.
2, 6. As to the burden of proving guilt, and as to reasonable doubt, the charge of the court was sufficient, in the absence of a written request for more specific instructions on the subject.
3. The charge of the court as to the right of the jury to disregard entirely the defendant's statement at the trial was not subject to the exceptions taken.
4. The venue in the case of one indicted in Gwinnett county for a misdemeanor, in that he did have and control and possess alcoholic and spirituous liquors in that county, was shown to be in that county by evidence that whisky was brought into the county by a person who was furnished by the defendant, while they were in another county, with an automobile and money and directed by him to go into a third county and buy whisky and bring it to him, and who bought the whisky as directed and was arrested in Gwinnett county when carrying it to the second county to deliver it to the defendant.
5. Instructions on impeachment of witnesses, or on the duty of the jury to reconcile the testimony of witnesses, should not be given to the jury in a criminal case where no witnesses have been introduced by the defendant and there is no evidence that tends to impeach the State's testimony; but, as a general rule, such instructions in such a case do

not require a new trial; and nothing in the present case takes it out of the general rule.

DECIDED DECEMBER 14, 1922. REHEARING DENIED JANUARY 10, 1923.

Indictment for misdemeanor; from Gwinnett superior court — Judge Fortson. April 12, 1922.

Application for certiorari was denied by the Supreme Court.

The judge's remark mentioned in the first headnote was complained of in the motion for a new trial as being prejudicial because of the impression that must have been produced upon the minds of the jury that the defendant, who would not then delay the trial on account of the absence of the witness, would not have been helped by their testifying.

It was contended that if the defendant was guilty of anything, under the evidence, he was guilty only of causing whisky to be transported; that as the evidence did not show that he was in Gwinnett county, he could not be convicted of having committed in that county the offense·charged. The question as to venue was certified to the Supreme Court and decided by that court. 154 Ga. 544.

*Richard B. Russell, G. A. Johns,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J. 1. Neither the remarks of the judge in ruling on the motion for a continuance nor his refusal to continue the case requires the grant of a new trial.

2. The judge instructed the jury that "the defendant enters upon the trial of this case with a presumption of innocence in his favor, and that presumption remains with him throughout the trial, in the nature of evidence in his behalf, until it is overcome by such evidence as convinces you beyond a reasonable doubt of his guilt," and several times told the jury that they should not convict the accused unless they were satisfied of his guilt beyond a reasonable doubt. When considered in connection with the entire charge, and especially in the absence of a timely, appropriate written request therefor, the court did not err in failing to charge the jury specifically that "the burden is upon the State to prove every material allegation in the indictment against the defendant, and to satisfy the minds and consciences of the jury of the·guilt of the defendant by such proof to the exclusion of a reasonable doubt." *Neal* v. *State, 26 Ga. App.* 647 (2) (106 S. E. 913); *Edmondson* v. *State, 27 Ga. App.* 622 (2) (110 S. E. 414).

3. In reference to the statement of the defendant the court charged the jury quite fully, saying in part: "You can believe the statement in preference to all the sworn testimony in the case; you can disregard it entirely; you may believe part of it, some of it, all of it, or none of it; it is entirely with you just what weight and credit you will give to defendant's statement." It is insisted that it was error for the court to tell the jury that they could entirely disregard the statement of the defendant. In *Webb* v. *State,* 8 *Ga. App.* 430 (5) (69 S. E. 601), in an opinion written by Judge Russell (now of counsel for plaintiff in error), this court sustained a charge in which the jury were told that they "could set the statement aside and look to the sworn testimony." In *May* v. *State,* 24 *Ga. App.* 379, 382 (100 S. E. 797), Chief Judge Broyles, speaking for the court, said: "It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. *In the exercise of this discretion they are unlimited.*" (Italics ours.) Under the above rulings and numerous others there is no error in the charge of the court relative to the statement of the defendant.

4. Plaintiff in error, while in Barrow county, furnished another with an automobile and money, and instructed him to go into Hall county, purchase whisky, and bring it to him in Barrow county. In pursuance to such instructions the other party did go into Hall county in the automobile and purchase whisky for plaintiff in error, and, on his way back to Barrow to deliver the whisky to plaintiff in error, was intercepted and arrested in Gwinnett county with the whisky. Plaintiff in error committed the offense of having, possessing, and controlling whisky in Gwinnett county, and was there subject to indictment. *Jackson* v. *State,* 154 *Ga.* 544.

5. Where the defendant in a criminal case introduced no witnesses, and there was no evidence which tended to impeach the witness for the State, it was error for the judge to charge on the impeachment of witnesses, and on the duty of the jury to reconcile the evidence. Such an error, however, is not generally sufficient reason for a reversal of a judgment, and there is nothing in this case that takes it out of the general rule. *Scarboro* v. *State,* 24 *Ga. App.* 27 (2), 28 (99 S. E. 637), and cases cited.

6. Complaint is made that "the court erred in failing to charge

fully on the doctrine of reasonable doubt." If fuller instructions in reference to reasonable doubt were desired, a timely and legal request therefor should have been made.

7. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*