### 17931. RIVENBARK *v.* THE STATE.

BROYLES, C. J. 1. The excerpts from the charge of the court, excepted to, when considered in the light of the charge as a whole and the facts of the case, show no reversible error.

2. The ground of the motion for a new trial which complains of the admission of certain documentary evidence is too defective to be considered, because (1) it does not appear that the movant objected to the admission of the evidence, and (2) the documentary evidence is not set forth in the ground or attached as an exhibit thereto.

3. A ground of the motion for a new trial complains of the admission in evidence, over the movant's objection, of the following testimony of a named witness: "Mr. Reynolds was not working anywhere at the time Mr. Martin was killed; he was staying around the hotel at Allenhurst. He stayed around there a week or so, and went to Savannah to the hospital, and then was back around the hotel." Under repeated rulings of the Supreme Court and of this court, each ground of a motion for a new trial must be complete and understandable within itself. The ground under consideration does not inform this court who "Mr. Reynolds" was, or what connection, if any, he had with the case; and this court can not determine from a consideration of the ground whether the evidence objected to was material, or that it was prejudicial to the movant.

4. No reversible error is shown by the remaining special ground of the motion for a new trial, which complains that the court allowed the State to recall a named witness and place her "on the witness-stand in rebuttal, when the State had previously sought to elicit certain testimony from her and the same had been ruled out of evidence by the court," and that "the court erred in overruling the objections of the defendant's counsel to the following testimony given by the said wit-

Criminal Law, 16 C. J. p. 849, n. 23; p. 1049, n. 82; p. 1050, n. 84; p. 1219, n. 67, 71; 17 C. J. p. 88, n. 48 New, 56 New; p. 89, n. 65 New; p. 244, n. 63, 66.

Homicide, 30 C. J. p. 317, n. 69.

ness in rebuttal: 'I saw Mr. Martin on the night that he was killed; I seen him that night at Mrs. Collins'; the objection to said testimony being that it was not in rebuttal and it was irrelevant and inadmissible."

5. The accused was charged with murder, and was convicted of voluntary manslaughter. The verdict was authorized by the evidence and by portions of the defendant's statement to the jury. It is well settled that a jury has the right to accept a defendant's statement altogether, or to reject it altogether, or to believe it in part, or to disbelieve it in part. *Brown* v. *State*, 10 *Ga. App.* 50, 54, bottom of page (72 S. E. 537); *May* v. *State*, 24 *Ga. App.* 379 (11), 382 (100 S. E. 797).

<em>Judgment affirmed. Luke and Bloodworth, JJ., concur.</em>

DECIDED APRIL 12, 1927. REHEARING DENIED MAY 12, 1927.

Manslaughter; from Liberty superior court—Judge Sheppard. December 24, 1926.

Application for certiorari was made to the Supreme Court.

*Shelby Myrick, M. Price, Ben A. Way,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general, J. T. Grice, solicitor-general,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for the plaintiff in error in his motion for a rehearing contends that this court erred in holding that, under the facts of the case and the entire charge, the excerpts from the charge complained of in grounds 1, 2, and 3 of the amendment to the motion for a new trial showed no reversible error.

1. The first excerpt referred to was as follows: "If the State fails to do that, [if] the State fails to make out a prima facie case, you would not be authorized to find a verdict of guilty; but when the State does prove to your satisfaction all of the material allegations in the indictment, why then the burden is shifted to the defendant, and he would be bound to make good his defense, and, in a case of this character, either to justify or mitigate the act." One of the assignments of error upon this charge (and the only one insisted upon in the motion for a rehearing) was: "It places upon the defendant a greater burden than that provided by law, and should have been qualified by the statement, 'unless the circumstances of justification or mitigation arise out of the evidence produced against him.'" In the principal case cited by movant, *Green* v. *State*, 124 *Ga.* 343 (52 S. E. 431), the 4th headnote is as follows: "When on the trial of one charged with murder the accused admits the homicide but at the same time states circumstances of justification or alleviation, and the only testi-

mony of witnesses which proves the homicide also discloses circumstances of mitigation or justification, it is error for the court to charge, without qualification, 'When a homicide, however, is proven, the burden is on the slayer to justify or mitigate the crime or the offense.'" That ruling is supported by a long line of authorities, and is binding on this court. In the instant case, however, the charge now under consideration is essentially different from the charge criticised in the *Green* case. In that case the judge charged that, merely when the homicide was proved, the burden was on the slayer to justify or mitigate the offense, while in the instant case the judge charged that where the State *proved all of the material allegations in the indictment* the burden was on the slayer to justify or mitigate the offense. The words, "all of the material allegations in the indictment," comprise not only the alleged homicide but also the allegation that the accused "unlawfully, wilfully, feloniously, and with malice aforethought did kill and murder" the deceased. It is obvious that the charge in this case is not covered by the above-stated ruling in the *Green* case.

2. If there were any errors in the other two excerpts from the charge referred to in the motion for a rehearing, they were cured by the additional instructions given by the court on the request of counsel for the accused.

     *Rehearing denied. Luke and Bloodworth, JJ., concur.*

1. In the light of the facts of the case and the entire charge of the court, grounds 8 and 9 of the amendment to the motion for a new trial (complaining of the refusal of the court to give certain requested instructions to the jury), and grounds 13, 14, and 15 (complaining of certain excerpts from the charge of the court), show no error. The remaining special grounds of the motion for a new trial, and the exceptions pendente lite, are abandoned by the plaintiff in error.
2. The verdict was authorized by the evidence.

     DECIDED APRIL 12, 1927. REHEARING DENIED MAY 12, 1927.

