### 19098. CRAFT v. THE STATE.

DECIDED JULY 31, 1928.

*Lowndes Calhoun,* for plaintiff in error.
*John A. Boykin, solicitor-general, Carlton W. Binns, solicitor, J. W. LeCraw,* contra.

BLOODWORTH, J. In his petition for certiorari the accused assigns error on certain portions of the charge to the jury, and alleges that "the verdict and sentence of the court was contrary to the evidence, without evidence to support it, and contrary to law." In his answer to the writ of certiorari Judge Jesse M. Wood, who presided at the trial of the case in the criminal court of Atlanta, says that the portions of the charge which the plaintiff in error insists are erroneous are as follows: (a) "In misdemeanors the law does not recognize some of those who participate in the commission thereof as principals and others as accessories, but the law says that all who counsel, aid, or assist in the commission of an offense known as a misdemeanor are guilty as principal offenders, and may be charged, prosecuted, and convicted as such." (b) "Under the law the defendant has the right to make to the court and jury in his own defense just such statement as he sees fit to make. He is not under oath. He is not subject to cross-examina-

tion, and his statement thus made is entitled to just such weight and credit only as the jury thinks that it is entitled to receive. The jury may believe it in whole or they may believe it in part, and they may believe it in preference to the sworn testimony in the case, or they may disregard it altogether." Neither of these excerpts from the charge is erroneous. As to the first, see *Southern Express Co.* v. *State,* 6 *Ga. App.* 31 (64 S. E. 341) ; *Littlefield* v. *State,* 22 *Ga. App.* 782 (97 S. E. 259) ; *Jackson* v. *State,* 29 *Ga. App.* 324 (3), 326 (115 S. E. 507). As to the second, see *Rivenbark* v. *State,* 36 *Ga. App.* 741 (5) (138 S. E. 258).

There is ample evidence to support the verdict, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*