### 21467.   PENNEY v. THE STATE.

DECIDED JUNE 19, 1931.

*Harris & Harris,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J.   The only question raised by the record in this case is whether the evidence supports the verdict finding Jess H. Penney guilty of possessing intoxicating liquor.

Three policemen of the City of Rome testified: that they went to defendant's "in the 4th ward, Rome, Floyd county, Georgia," and found him sitting on the front porch; that they could not get in the front door, because it was fastened; that as Will Warren was going around to the kitchen door "liquor was poured out of the (kitchen) window, and ran down on the ground;" that "it smelled like whisky," and burned when a match was applied to it; that Mrs. Penney and three or four little children were in the kitchen; that on the window-sill of the window out of which the whisky was poured "was a quart fruit-jar that had lately had whisky in it;" that sitting on the floor was another fruit-jar "that had lately had

whisky in it;" that "there was the slightest remains of whisky in these jars;" that defendant and his wife stated that they did not know anything about whisky being there; and that "from appearances there was about a quart of whisky poured out of the window."

The gist of the defendant's statement to the jury is: that when the officers came to his house his wife was in the kitchen, fixing supper, and their five children were in the dining-room, playing; that if officer Warren saw anything poured out of the window, defendant did not know what it was or anything about it; that the children "were always throwing something out of the window;" that "all three of the police tried to set fire to what was thrown out of the window, but it would not burn;" that a neighbor of defendant's wife was in the kitchen "at the time" and told one of the children to go and unfasten the screen door, which was kept fastened on account of the baby; and that defendant's wife "didn't even know the police were in there, until Mr. Will Warren was coming up the steps;" and that defendant knew nothing whatever about any whisky being in his house.

"In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of his family. This presumption of course is rebuttable." *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722). See also *Black* v. *State,* 41 *Ga. App.* 349 (2) (152 S. E. 922). No possible inference can be drawn from either the evidence or the defendant's statement that any other person than defendant, his wife and little children, lived in the house where the whisky was, and the jury was fully warranted in concluding that the presumption that the whisky belonged to the defendant had not been rebutted. Clearly the trial judge did not err in overruling the motion for a new trial, which contained only the usual general grounds.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*