## 22568. Barron v. The State.

MacIntyre, J. 1. "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Isom* v. *State*, 32 *Ga. App.* 75 (122 S. E. 722); *Penney* v. *State*, 43 *Ga. App.* 466, 467 (159 S. E. 289). "As long as husband and wife are living together the husband is the head of the family, and the house occupied by them may properly be denominated as his house, even though the wife pays the house rent and supports the husband." *Patterson* v. *State*, 8 *Ga. App.* 454 (69 S. E. 591).

2. To raise the presumption stated above, it is essential that it be proved that the husband and wife reside together on the premises where the whisky is found.

3. In the case at bar the court instructed the jury as follows: "I charge you . . that where a man and his wife are living together as husband and wife, that the law fixes the husband as head of the family. If you believe from the evidence in this case that Mrs. Barron owned a tenant-house in close proximity to the store owned by her husband, if you believe that whisky was found there in the tenant-house, if you further believe that the house belonged to her, and that the whisky was found in that house, and that no person other than Mrs. Barron was in possession of that house, then you would be authorized to find the defendant guilty of the possession of the whisky, for the reason that the law makes him the head of the family, provided you believe he is a married man living with his wife, and whatever is located on the premises of either is presumed under the law to be in the possession of the head of the family. I charge you in that same connection, that is a presumption of fact which, like all other presumptions of fact, may be rebutted by evidence." The foregoing charge was error, for the reason that it in effect instructed the jury that where the wife owns a tenant-house in close proximity to the store owned by her husband, and no other person than the wife was in possession of said tenant-house, the presumption would be that whisky found in said tenant-house was in the possession of the husband, and that the jury would be authorized to find him guilty.

*Judgment reversed.* *Guerry, J., concurs.*

Broyles, C. J., concurring specially. I concur in the rulings stated in paragraphs 1 and 3 above.

Decided May 12, 1933.

*W. A. Dampier,* for plaintiff in error.
*J. A. Merrill, solicitor,* contra.