33108. McQUIRE *v.* THE STATE.

GARDNER, J. 1. All who aid and abet in the commission of a misdemeanor, as well as those who immediately perpetrate it are principals. *Southern Express Co.* v. *State*, 6 *Ga. App.* 31 (64 S. E. 341); *Bracewell* v. *State*, 21 *Ga. App.* 133 (94 S. E. 91).

2. There is a legal rebuttable presumption that all the household effects, including any intoxicating liquors, belong to the head of the house. *Baron* v. *State*, 46 *Ga. App.* 829 (169 S. E. 323); *Penney* v. *State*, 43 *Ga. App.* 466 (159 S. E. 289).

3. Where the State relies for a conviction on circumstantial evidence alone, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis except that of the guilt of the accused. Code, § 38-109 and cases there cited.

4. In view of the foregoing principles of law, the evidence in the instant case is sufficient to overcome the presumption that any whisky that may have been in the home was in the charge, custody and control of the mother of the defendant, she being the head of the house. It is sufficient to have authorized the jury to find that the defendant was aiding and abetting in the commission of a misdemeanor and actively participating therein. It is also sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.

The judgment of the trial court overruling the motion for a new trial is without error.

*Judgment affirmed. Sutton, C.J., MacIntyre, P.J., Felton and Worrill, JJ., concur. Townsend, J., dissents.*

TOWNSEND, J. (dissenting). Applying the principles of law laid down in headnotes 1, 2 and 3 to the statement of facts hereinafter set forth, it is my opinion that the evidence in the instant case is not sufficient to overcome the presumption that any whisky that may have been in the home was in the charge, custody and control of the mother of the defendant, she being the head of the house. Nor is it sufficient to show that the defendant aided and abetted in the commission of a misdemeanor and thereby became guilty thereof as a principal. Nor is the evidence sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.

DECIDED JULY 14, 1950.

134

*Bobby Lee Cook,* for plaintiff in error.
*John W. Davis, Solicitor-General,* pro tempore, contra.