## MORGAN vs. THE STATE OF GEORGIA.

If an indictment for burglary charge the house to be the dwelling-house of a certain woman, and it appear in evidence that it was rented by her husband and occupied by him and his family (including her), and no other right or title to it in her be shown, the evidence does not support the indictment. In contemplation of law it is his house as head of the family, and not hers.

Criminal law. Indictment. Burglary. Title. Before Judge MERSHON. Camden Superior Court. May Term, 1879.

Morgan was placed on trial for the offense of burglary alleged to have been committed by breaking and entering the dwelling house of one Rose Taylor. The evidence showed that the house was rented by the husband of Rose Taylor, and occupied by him and his family. It was not shown from whom he rented, but there was no pretense that he held under her. She testified she did not own the house. The jury found him guilty. He moved for a new trial because the verdict was contrary to the evidence and the law, and because the court erred in charging the jury that if the proof showed that the house was in the occupancy of Rose Taylor and her family, in the judgment of the court, that would be a sufficient proof of ownership for this purpose.

The motion was overruled and the defendant excepted.

IRA E. SMITH; W. E. KAY, for plaintiff in error, cited 34 Ga., 342; 38 Ib., 295; 46 Ib., 637; Roscoe on Ev., 362; 2 Arch. Crim. Prac., 1094; 2 Whart. Crim. Law, §§1582, 1610, 1672; 2 Russell on Crimes, §§25, 36.

S. W. HITCH, solicitor-general, for the state.

BLECKLEY, Justice.

Mrs. Rose Taylor testified as a witness in behalf of the state, and it is evident from the tenor and tone of her testi-

mony that she considers her husband as a member of her family, and herself as the head of the establishment. The true legal relation of husband and wife is in her mind reversed. Metaphorically speaking, she puts the petticoat in a more advanced position than the pantaloons. She states that she does not own the house, but she lives in it; that no one lives in it but her and her family, and that her family consists of her husband and children. From another witness we learn that the house is rented, and that the husband rented it. In legal contemplation it is the husband's house, and not, as it is charged to be in the indictment, the house of Rose Taylor, the wife. The charge of the court was erroneous, the conviction of the prisoner was unwarranted, and there must be a new trial.

Judgment reversed.