### 2918. PATTERSON v. THE STATE.

As long as husband and wife are living together the husband is the head of the family, and the house occupied by them may properly be denominated as his house, even though the wife pays the house rent and supports the husband. The legal status of the husband as head of the family can not be affected even by sworn testimony to the effect that in the particular case the wife is in fact the head of the family.

DECIDED NOVEMBER 29, 1910.

Accusation of misdemeanor; from city court of Hall county—Judge Looper. August 29, 1910.

*J. M. Merritt, B. P. Gaillard Jr.,* for plaintiff in error.

*F. M. Johnson, solicitor,* contra.

RUSSELL, J. The defendant was indicted and convicted of the offense of misdemeanor. The offense of which he was convicted was that of being intoxicated within the curtilage of a private residence. The residence was alleged to be that of one Ed Scott. The case presents an anomalous condition of affairs. Ed Scott's wife appears as a prosecutrix and the sole witness for the State. Ed, whose house the State alleged was invaded by a drunk man who used vulgar and profane language, appeared as the leading witness for the defendant, and testified that the defendant

was not drunk and behaved most decorously. Furthermore, while the indictment charges that the house is Ed Scott's, the prosecutrix herself, on cross-examination, swore that it was her house, that she paid the rent, and that she herself was the head of the family. We have observed many instances in which actually the wife was the head of the family, but legally it can not be conceded that such a case exists. We have no doubt, from the record in this case, that Ed Scott's title to be called the head of the family depends solely for its existence upon the law. Perhaps any effort on his part to exercise any of the prerogatives of superior authority given him by law would subject him to prompt and humiliating subjection at the hands of his wife, who swears that she is the head of the family. These may be the facts as they really exist in this particular case, but the code declares a legal fiction which we are bound to respect. The jury could have found, if they had preferred to believe it, that the defendant was not drunk, and that he was not guilty of conduct which manifested drunkenness, and thus could have acquitted him, but they could not find that the house which he occupied as the husband of his wife was not his residence. As was said by Chief Justice Bleckley in *Yarborough* v. *State,* 86 *Ga.* 397 (12 S. E. 650), "We think there is no doubt that when a married man occupies a dwelling-house with his family, he, being the head of the family, is considered by the law as having such ownership and possession as to make the house his for all purposes connected with an indictment for burglary. It matters not whether he holds under his wife or some other person. . . Where husband and wife reside together, whatever else she may be the head of, he is the head of the house." In *Morgan* v. *State,* 63 *Ga.* 307, Judge Bleckley said that "it is evident, from the tone and tenor of her testimony, that she considers her husband as a member of her family, and herself as the head of the establishment." In the present case we need not infer from the tenor and tone of the wife's testimony that she considers herself the head of the establishment, because she swears to the fact directly and unequivocally. However, what was said by Judge Bleckley of Rose Taylor in the *Morgan* case we may say of Belle Scott in the case at bar: "The true legal relation of husband and wife is, in her mind, reversed. Metaphorically speaking, she puts the petticoat in a more advanced position than the pantaloons.

She states that she does not own the house, but she lives in it; that no one lives in it but her and her family, and that her family consists of her husband and children." No matter who paid the rent: so long as Ed Scott and Belle, his wife, occupied the residence together, it could properly be called Ed Scott's house. There was no error in refusing a new trial. *Judgment affirmed.*