### 9687. BASIL *v.* THE STATE.

BROYLES, P. J. 1. To convict an innkeeper, who has personal charge of an inn or hotel, of keeping a lewd house, it is sufficient if the evidence shows actual knowledge of the illegal practices, or that the defendant was in possession of such facts as to charge him with "constructive" or "implied" knowledge. Such knowledge · may be shown by direct proof, or by proof of facts and circumstances from which the jury could reasonably infer that the defendant did have knowledge that acts of adultery or fornication were committed in the house. "He can not shut his eyes to what is going on around him, for the purpose of avoiding knowledge, and then defend upon the ground of his lack of knowledge." *Fitzgerald* v. *State,* 10 *Ga. App.* 70 (2), 72 (72 S. E. 541).

(*a*) In such a case the fact that women of notoriously lewd reputation room at the hotel, and the further fact that the hotel has a reputation in the community of being a place where adultery or fornication is commonly committed, would be sufficient to authorize a finding that it was a lewd house, and that the proprietor knew, or should have known, that he was maintaining a lewd house.

(*b*) The *Fitzgerald* case, supra, was a unanimous decision by three Judges, has never been overruled, and is binding upon this court until overruled. Upon a review thereof, as requested by the plaintiff in error, its rulings are reaffirmed. The holding in *Jones* v. *State*, 14 *Ga. App.* 811 (82 S. E. 470), by two Judges, is in conflict with the older adjudication in the *Fitzgerald* case, and will not be followed.

2. Under the rulings stated above, the refusal of the trial judge to give the various requested instructions in charge to the jury was not error.

3. No reversible error appears in any of the excerpts from the charge excepted to; nor in any of the rulings of the court upon the admissibility of evidence. The conviction of the accused was amply authorized by

the evidence, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Bloodworth, J., concurs. Harwell, J., concurs specially.*

DECIDED NOVEMBER 1, 1918.

Certiorari; from Fulton superior court—Judge Bell.   March 29, 1918.

*George Gordon,* for plaintiff in error.

*John A. Boykin, solicitor-general, Lowry Arnold, solicitor, E. A. Stephens,* contra.

HARWELL, J.   If there is any conflict in *Fitzgerald* v. *State* and *Jones* v. *State* (cited supra), the correct rule, in my opinion, was stated by Judge Wade in the *Jones* case.   I am inclined to think that Judge Powell, by the use of the phrase "knowledge, . . implied," etc., in the 2d headnote to the *Fitzgerald* decision, referred to knowledge which might be *inferred* by the jury from circumstances.   In my judgment, in order to authorize a conviction, knowledge of the illegal practices by the defendant must appear; but this knowledge may be shown by direct proof, or inferentially by circumstances.   I recognize that if there is a conflict in the two decisions above referred to, the one rendered in the *Fitzgerald* case is authority until overruled.