11718.   NORMAN *v.* THE STATE.

A conviction of the offense of possessing intoxicating liquors was authorized by the evidence; and, the verdict having been approved by the trial judge, this court is without jurisdiction to set it aside.

DECIDED DECEMBER 16, 1920.

Indictment for possession of liquor; from Randolph superior court — Judge Worrill. May 29, 1920.

*Charles W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

LUKE, J. The defendant and John Gilbert were tried together for the offense of possessing intoxicating liquors, and both were convicted. The defendant's motion for a new trial contained only the usual general grounds, and two grounds which were merely amplifications of the general grounds. The judge charged the jury, in part, as follows: " If you believe, from the evidence, that Frank Norman was in possession of the office in which the whisky was found, [and] if you believe, from the evidence, that John Gilbert brought the whisky there or had it brought there, with Frank Norman's knowledge, [and] that Norman permitted it to remain there, Frank Norman would be in possession, [and] if Frank Norman allowed him to bring the whisky in there and allowed it to remain in there, he would be guilty also, if the evidence shows there was any whisky in the office of which Frank

Norman was in possession. . . I charge you that if John Gilbert brought the whisky into or had it brought into the hall or had it brought in there, if you believe that Frank Norman had control of the hall and used it as an office, and if John Gilbert carried it in there or had it brought in there with Frank Norman's knowledge, and Frank Norman allowed it to remain in there temporarily, he would be guilty. If John Gilbert carried the whisky in there or had it brought in there, without Frank Norman's knowledge or consent and [Norman] did not know that the whisky was brought in there, he would not be guilty." No exception whatever was taken by the defendant to the charge of the court, and, under the portion of the charge just quoted (in which we find no material error), the evidence was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt and to amply authorize his conviction. Furthermore, the defendant introduced no evidence; and neither his statement nor the statement of John Gilbert (his codefendant) demanded, or even authorized, a contrary finding by the jury, since it clearly appeared, from both statements, that the whisky was brought, with the defendant's knowledge and consent, into a room of which he was in possession, and that he permitted it to remain in there temporarily. See, in this connection, State *v.* Johnson, 60 N. C. 144 (86 Am. Dec. 434). It follows that the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*