### 12284.   WYATT *v*. THE STATE.

BROYLES, C. J.  1. The conviction of the defendant not depending solely upon circumstantial evidence, the court did not err, in the absence of a timely and appropriate written request, in failing to instruct the jury upon the law of circumstantial evidence.

2. A special ground of a motion for a new trial must be complete within itself.  The 2d special ground in the instant case complains that the court erred in failing to charge the jury upon the law of impeachment of witnesses by contradictory statements, but does not show that any request for such a charge was made, or that the court charged at all upon the subject of impeachment of witnesses; and it is well settled that the court need not charge upon that subject unless requested to do so.

3. Under all the facts of the case and the entire charge, a new trial is not required because of the following excerpt from the charge: "If you believe under the evidence in this case, beyond a reasonable doubt, that the defendant was in the possession of the house in which any of the spirituous liquors mentioned in the criminal information was found, and knew that such liquors were in said house for any appreciable length of time, then, under the law, he would be guilty of having such liquors in his possession."

4. The ground that the court instructed the jury that the character of a witness attacked by proof of bad character could be sustained by proof of good character, without also charging upon impeachment of witnesses by contradictory statements previously made, is not complete within itself, since it fails to show, or even to allege, that there was any evidence as to contradictory statements made by any witness in the case.

5. The verdict was authorized by the evidence.  While many witnesses testified as to the bad character of the main witness for the State, others testified that his character was good, and it was for the jury to determine whether he had been impeached or whether his evidence should be believed.  *Rice* v. *Eatonton*, 15 *Ga. App*. 505 (4) (83 S. E. 868).

    *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

        DECIDED MAY 11, 1921.

Accusation of possessing intoxicating liquor; from city court of Carrollton — Judge Hood.  February 4, 1921.

*Smith & Millican,* for plaintiff in error.

*Willis Smith, solicitor,* contra.