### 16414. BUCHANAN *v.* THE STATE.

BROYLES, C. J. In this State the husband is recognized by law as the head of the family, and where intoxicating liquors are kept in the house occupied by himself and his family, he is guilty of aiding and

abetting in the commission of a misdemeanor, if he *knowingly* allows such liquors to remain there, irrespective of who owns them or who put them there. And this is true although the husband may have previously deeded the premises to his wife, for a consideration of "natural love and affection." See, in this connection, *Isom* v. *State*, 32 *Ga. App.* 75 (1) (122 S. E. 722); *Basil* v. *State*, 22 *Ga. App.* 765 (1) (97 S. E. 259); *Norman* v. *State*, 26 *Ga. App.* 62 (105 S. E. 450).

(*a*) Where, however (as in the instant case), the undisputed evidence showed that the house, and everything in it, except the whisky therein, was owned by the defendant's wife, the presumption that the whisky found in the house belonged to the husband as the head of the family was rebutted; and, without this presumption, the evidence (which was wholly circumstantial) adduced upon the trial was insufficient to show that the whisky was put or kept there with the defendant's consent or knowledge. In other words, the circumstantial evidence was insufficient to establish the defendant's guilt, to the exclusion of every other reasonable hypothesis. It follows that the defendant's conviction was contrary to law and that the refusal to grant a new trial was error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 11, 1925.

Conviction of possessing liquor; from city court of Carrollton—Judge Hood. April 3, 1925.

*Smith & Taylor,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.