*F. H. Colley, M. L. Felts,* contra.

---

Partnership, 30 Cyc. p. 612, n. 66, 68.

---

## 17216.   BUCHANAN v. THE STATE.

The charge of the court as to the defendant's statement at the trial was not subject to the exceptions taken.

The other instructions complained of were not erroneous for any reason assigned.

A conviction of possessing intoxicating liquor was authorized by the evidence.

> DECIDED MAY 12, 1926.

---

Criminal Law, 16 C. J. p. 849, n. 23; p. 964, n. 31; p. 1021, n. 44; 17 C. J. p. 271, n. 41.

Conviction of possession of liquor; from city court of Carrollton —Judge Hood.   February 13, 1926.

*Smith & Taylor,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

BLOODWORTH, J.  1.  For no reason did the court err in instructing the jury as set out in the excerpts from the charge embraced in special grounds 1 and 2 of the motion for a new trial. (*a*) "While the jury may believe the statement of the accused in preference to the evidence, they should do so only in the event that they believe the statement to be the truth of the transaction.  A charge to this effect was not erroneous." *McCollough* v. *State,* 10 *Ga. App.* 403 (4) (73 S. E. 546).  (*b*) "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502). · See *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261).

2.  The excerpts from the charge embodied in the 3rd and 4th special grounds of the motion are not erroneous for any reason alleged.

3.  This is the second appearance of this case in this court. When it was first here (34 *Ga. App.* 155, 128 S. E. 686) a new trial was ordered for the reason that the circumstantial evidence was insufficient to establish the defendant's guilt to the exclusion of every other reasonable hypothesis.  On the last trial there was direct and positive evidence that the accused, when the whisky was being removed from the house where he lived, said:  "For God's sake, don't take all my liquor; leave me a little bit." If any part of the liquor was in the possession of the defendant he was guilty. This was for determination by the jury. They decided the question in favor of the State, and the verdict has the approval of the judge who tried the case.  We can not say that there is no evidence which would authorize the jury to reach the conclusion that the defendant was guilty.  In *Rogers* v. *State,* 101 *Ga.* 562 (28 S. E. 978), Justice Cobb said: "Applications for new trials on the ground the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges.  When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere where there

is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of this State, we can not overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*