### 19331.  McBURNETT *v.* THE STATE.

126

*Porter & Mebane,* for plaintiff in error.

*Alec Harris, solicitor,* contra.

LUKE, J. Melvin McBurnett was convicted of possessing intoxicating liquor. His motion for a new trial is based .upon the general grounds and two special grounds, alleging error in the charge of the court.

Marcus Horton testified that at about four o'clock on the afternoon of August 12, 1928, he and C. I. Harris, another deputy sheriff, under the authority of a search warrant, searched the defendant's residence, and found three pints of whisky in a dresser drawer in a room of the house; that this was the only whisky found about the premises; and that he did not know Mrs. Willie Mae White, but that several people, including the defendant and his wife, were in the room when the whisky was found. C. I. Harris testified substantially as did Horton. Paul Warren, sworn for the defendant, testified that on the Saturday night before the whisky was found in the defendant's house, Henry Crider had several bottles of whisky in a sack; that at about midnight they stopped at the defendant's house, and Crider carried the sack containing the whisky into one of the rooms of the house; and that Crider took several bottles of whisky out of the sack and hid them "around under the house and on the premises." Mrs. Willie Mae White, sworn for the defendant, testified that she was a widow; that she had been boarding with the defendant and his wife for about two weeks before the whisky was found; that the whisky was found in her room, which was occupied by her alone; that between twelve and three o'clock of the night before the officers came, Crider entered her room by a door opening on the front-porch, and put a sack of whisky in her room at a place between that door and another door, opening from her room into that occupied by the defendant and his wife; that at about eighty-thirty or nine o'clock Sunday morning, Crider came to the defendant's house, and remained there for some time; that while there Crider took three bottles of the whisky out of the sack and put them in her dresser drawer and

put the sack in the closet; that the defendant and his wife were in their room at the time; that she did not know why Crider put the whisky in her room; that they were "sorter sweethearts;" that the defendant did not see Crider put the whisky in the room, and she did not know whether the defendant knew it was there or not; that at about eight-thirty or nine o'clock in the morning Crider put the whisky in her dresser drawer and the sack in the closet, she told the defendant what Crider had done, and the defendant told Crider to take the whisky away from there. The defendant stated that he knew nothing about the whisky until Mrs. White told him Crider had left it there, and that he immediately told Crider that if he had brought any whisky to his house to be sure and take it away; that he never saw any whisky at all, and that so far as he knew up to the time the officers found the three pints of whisky Sunday afternoon, if Crider brought any whisky to his house he carried it away; and that Mrs. White was a boarder at his house occupying the room adjacent to his.

Counsel for the plaintiff in error contend that the evidence makes no case, and cite the following cases to sustain their contention: *Vaughn* v. *State,* 29 *Ga. App.* 388 (115 S. E. 670); *Jackson* v. *State,* 36 *Ga. App.* 211 (136 S. E. 286); *Wingfield* v. *State,* 37 *Ga. App.* 504 (140 S. E. 762); *Mullins* v. *State,* 24 *Ga. App.* 357 (100 S. E. 755); and *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550). In the foregoing cases the evidence did not show that the intoxicant was in the house or on the premises with the knowledge or consent of the defendant. In the case at bar it appears from both the evidence and the statement of the defendant that the defendant was told that the whisky was in a room adjoining his own, and that notwithstanding that fact it was found by officers about seven hours later. It is true that Mrs. White testified and the defendant stated that the defendant did tell Henry Crider to take the whisky away, but that was all the defendant did, though told that whisky was in the room opening into and next to his room. See, in this connection, *Wyatt* v. *State,* 27 *Ga. App.* 45 (3) (107 S. E. 147); *Norman* v. *State,* 26 *Ga. App.* 62 (105 S. E. 450). We can not say that the verdict of guilty was not supported by the evidence, and we hold that the general grounds of the motion for a new trial were properly overruled.

In the motion for a new trial it is contended that the following

charge is erroneous, because not applicable to the facts of the case: "I charge you that in misdemeanor cases (and this is a misdemeanor case) all are charged as principals and are considered as principals." An examination of the record shows that the charge was not erroneous for the reason assigned.

The motion for a new trial complains of a charge which was substantially as follows: If whisky was put in the house or on the premises of the defendant without his consent, nothing else appearing, he would not be guilty; but if he knowingly permitted it to remain there "without destroying it, calling the officers of the law, or delivering it to them, . . that would be his possession of such liquors." The main objection urged to the foregoing charge is that it is inapplicable to the evidence, for the reason that the room where the whisky was found was occupied solely by a boarder, and was in effect her separate and distinct domicile, over which the defendant had. no control. We do not accede to this contention, and we hold that under all the facts of the case this charge was not ground for a new trial.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*