*B. T. Castellow, solicitor-general, Bond Almand,* contra,

20121.   TURNER *v.* THE STATE.

BROYLES, C. J.   1. "In a prosecution for burglary or for larceny from the house, or both, where the only evidence tending to connect the accused with the alleged offense is his unsatisfactorily explained possession of the recently stolen goods, the judge's failure to give in charge to the jury, either with or without request, the provisions of section 1010 of the Penal Code (1910) as to the weight of circumstantial evidence, is error requiring the grant of a new trial, even though such evidence, together with proof of the corpus delicti, will sustain a conviction if based on proper instructions." *Walker* v. *State,* 31 *Ga. App.* 519 (121 S. E. 130).

2. Under the above-stated ruling and the facts of the instant case, the court erred in failing to charge the law of circumstantial evidence, and thereafter in refusing to grant a new trial.

> *Judgment reversed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 10, 1929.

*C. W. Worrill,* for plaintiff in error.
*B. T. Castellow, solicitor-general, Bond Almand,* contra.

20122.   ROBINSON *v.* THE STATE.

DECIDED DECEMBER 10, 1929.

*Wright, Wright & Covington, S. W. Fariss,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. Joe Robinson was convicted in the superior court of Walker county of the offense of possessing intoxicating liquor; and he assigns error on the overruling of his motion for a new trial.

The evidence of different witnesses adduced on the trial is in part as follows: "I had occasion to search the place of Joe Robinson on the 19th day of June, in *this county.* . . We [officers] drove up to Joe's house, and . . I saw Joe and two or three other men on the back end of the porch as we drove up and stopped, and I seen Joe turn round and step off right quick, . . and you could smell whisky powerful strong, and one of our party said, 'Do you smell what I smell, Joe?' and sorter laughed, and Joe said, 'I poured it out.' . . I went to a little building, I guess you call it the smokehouse, it was right at the back of the house, and I found some bottles in there that had some whisky in them, a small amount in one bottle, and several containers that had whisky in them; and Mr. Hill went down in the cotton-patch back of that place and brought back a half-gallon fruit can with a little more than half full of whisky. . . The place where I found the half-gallon container with the whisky in it, and the place where Joe said he poured it out, was in *this county.* . . Mr. Hill went up about fifty yards north of Mr. Robinson's house and found some liquor in a fruit-jar. . . I had found some liquor in a bottle at the smokehouse. . . There were three of those cans in the smokehouse, I think, and they had liquor in them. . . Mr. Whitlock found either a pint or a half of pint-bottle with some liquor in it, and three or more one-gallon tin cans that had liquor in them; and I went on round to the cotton-patch right back of the house, it was just fresh plowed, and I found some tracks leading down across the cotton-patch, going north, and I followed those tracks down there and found a half-gallon jar with about a quart of liquor in it, down there in the hedgerow. The tracks . . went down there and right back to the house. That whisky from Mr. Robinson's house was, I sup-

pose, about 80 yards. . . In following those tracks I found the quart of whisky or something like a quart of whisky in below the barn. . . In my opinion it was about 80 yards from the house, and in my opinion it was in *Walker county."*

The evidence of the defense was that some man who had escaped "asked Mr. Robinson if he would like to have a drink of liquor, and he told him he would not mind having a drink, and he went back to his car and got the liquor and brought it around there. He brought it around there in his hand in a half-gallon fruit jar. They were drinking and they saw the officers. . . When the officers came Mr. Robinson said 'There's the law.'" The defendant in his statement admitted that there was whisky at his place, and that he drank some of it, and that he said, "Boys, there's the law," but he claimed that the whisky belonged to the man who escaped. He also introduced evidence to show that the liquor found in his (defendant's) smokehouse, and in the cotton-patch was in Whitfield county; the county line running through his place. While evidence of liquor found in a county other than the one alleged in the indictment would not, taken alone, authorize a conviction; still such evidence showing the liquor within eighty yards of defendant's house, which was in the county alleged, is a circumstance to be considered by the jury, and tends to show intent and motive. However, without regard to the liquor alleged by the defense to have been in another county, it is undisputed that there was liquor on the defendant's place in the county alleged in the indictment, and that it was brought there with defendant's knowledge and consent; and there was positive direct evidence that the defendant admitted pouring it out when he saw the officers coming. This constituted a participation in the crime, and in misdemeanors all who participate are guilty as principals. Furthermore, one witness swore "The place where I found the half a gallon container with the whisky in it, and the place where Joe said he poured it out, was in *this county."* We are of the opinion that the charge does not unduly stress the contentions of the State, as alleged in the first special ground of the motion for a new trial.

The following excerpts from the charge, complained of in the 2d and 3d special grounds respectively, were authorized by the evidence and show no error of law: "I charge you, without intimating what has or has not been proven in this case, that if you find that the

defendant upon the approach of the officers, he seeing their approach, took possession of any whisky or intoxicating liquors alleged in the indictment, and destroyed or attempted to destroy the same to prevent it from being seized or taken in possession by the officers, —if you find those facts to be true, the defendant would be guilty as charged in the indictment." "I charge you that if you believe from the evidence that the defendant in this case was in possession of premises on and in which whisky was found, if any whisky was found, and if you believe from the evidence that this whisky was there, or had been brought there by another but with the knowledge and consent of the person in charge of the premises, that is the defendant in this case, and that the defendant permitted the whisky or intoxicating liquors to be brought there, then he would be guilty of the offense charged in the indictment." While it is well settled that one can have temporary possession of whisky for the purpose of taking a drink, without being guilty of the offense of possessing whisky, the evidence in this case authorized a finding that the defendant had on his place in the county of the prosecution a "half a gallon container with whisky in it," and that he consented to another bringing whisky on his premises, and then participated in the offense by pouring it out to prevent its seizure by officers. See *Norman* v. *State,* 26 *Ga. App.* 62 (105 S. E. 450) ; *McBurnett* v. *State,* 39 *Ga. App.* 125 (146 S. E. 337) ; *Wyatt* v. *State,* 27 *Ga. App.* 45 (3) (107 S. E. 417).

The conviction of the accused was not dependent wholly upon circumstantial evidence, and the court did not err in failing to instruct the jury on that subject.

The special grounds of the motion for a new trial not covered by the foregoing show no reversible error, nor does the charge when considered as a whole; the evidence authorized the defendant's conviction, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*