### 23194. DAILEY *v.* THE STATE.

DECIDED MAY 27, 1933.

*William E. Mann, Luther T. Mann,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

BROYLES, C. J. 1. "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the house-

hold effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Penney* v. *State,* 43 *Ga. App.* 466, 467 (159 S. E. 289), and citations. In the instant case a "jelly glass" containing a small quantity of whisky was found on a table in the house of George Dailey, the husband of the defendant. As the officers opened the door of the house, some one threw out "a bottle or a fruit jar," which broke to pieces when it struck the ground. The odor indicated that the bottle or jar contained some amount of whisky when it broke. George Dailey was not at the house, but the defendant and another woman, and possibly a girl, were present. The undisputed evidence was that the defendant and her husband were living together at the house where the whisky was found. No witness testified that the bottle or jar was thrown out by the defendant, and there was no evidence that she was in possession of the whisky in the jelly glass or even knew that it was in the house. Under these circumstances there was no evidence to rebut the legal presumption that the whisky belonged to the defendant's husband, and her conviction of possessing the whisky was unauthorized.

2. Since the foregoing ruling controls the case, the special grounds of the motion for a new trial are not passed upon.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*