## 24608. JENKINS v. THE STATE.

GUERRY, J. "In this State the husband is recognized by the law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Penney* v. *State*, 43 *Ga. App.* 466. See also *Dailey* v. *State*, 47 *Ga. App.* 57 (169 S. E. 678); *Barron* v. *State*, 46 *Ga. App.* 829 (169 S. E. 323); *Black* v. *State*, 41 *Ga. App.* 349 (152 S. E. 922); *Buchanan* v. *State*, 34 *Ga. App.* 155 (128 S. E. 686); *Isom* v. *State*, 32 *Ga. App.* 75 (122 S. E. 722); *Harris* v. *State*, 28 *Ga. App.* 463 (111 S. E. 686); *Smith* v. *Berman*, 8 *Ga. App.* 262 (68 S. E. 1014); *Hill* v. *State*, 50 *Ga. App.* 288 (177 S. E. 826). Under this ruling the evidence in this case was insufficient to sustain the verdict finding the defendant guilty of having, possessing, and controlling intoxicating liquors. The whisky was found in the house occupied by the defendant and her husband, and no other evidence was produced tending to show that it was in her possession, exclusive of her husband. The court therefore erred in overruling the motion for a new trial.

 *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

  DECIDED APRIL 8, 1935.

*Aaron Kravitch,* for plaintiff in error.
*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.