26542. SUTTON *v.* THE STATE.

DECIDED FEBRUARY 1, 1938.

*Earle Norman,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

BROYLES, C. J. 1. "In this State the husband is recognized by law as the head of the family; and where intoxicating liquors are kept in the house occupied by himself and his family, he is guilty of aiding and abetting in the commission of a misdemeanor, if he *knowingly* allows such liquors to remain there, irrespective of who owns them or who put them there. And this is true although the husband may have previously deeded the premises to

his wife, for a consideration of 'natural love and affection.' See, in this connection, *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722); *Basil* v. *State,* 22 *Ga. App.* 765 (1) (97 S. E. 259); *Norman* v. *State,* 26 *Ga. App.* 62 (105 S. E. 450)." *Buchanan* v. *State,* 34 *Ga. App.* 155 (128 S. E. 686); *Williamson* v. *State,* 40 *Ga. App.* 496 (2) (150 S. E. 464). "As long as husband and wife are living together the husband is the head of the family, and the house occupied by them may properly be denominated as his house, even though the wife pays the house rent and supports the husband. The *legal status* of the husband *as head of the family* can not be affected even by sworn testimony to the effect that in the particular case *the wife is in fact the head of the family.*" (Italics ours.) *Patterson* v. *State,* 8 *Ga. App.* 454 (69 S. E. 591); *Barron* v. *State,* 46 *Ga. App.* 829 (169 S. E. 323).

2. In the instant case the defendant and his wife were jointly indicted for possessing whisky. The wife pleaded guilty, and the defendant was tried and convicted. The plea of the wife was put in evidence, as also was a deed showing that she was the owner of the house where they lived. The undisputed evidence disclosed the following further facts: Some officers, on December 22, 1936, went into the house and, after a long search, found 47 half-pints, 3 pints, and 2 half-gallon jars about half full, of whisky. The whisky was hidden in "'false backs" of a bookcase. The following testimony of an officer was undisputed: "'It took us about an hour and a half to find the liquor. . . The liquor was in the house in a bookcase with a built-in back. There were four shelves in the bookcase. All the shelves had false backs. I think two shelves had the liquor. I showed the liquor to Charlie [the defendant]. I opened the shelf, and Louise Sutton [defendant's wife] said she would get the liquor. There were three pints in that shelf, and she said that was all. I asked Charlie [the defendant] how to get in the top shelf, and he said the same way. I asked him about the other two, and he said there was none in them; and there was none in them. Two of those bottles of liquor were wrapped up in a pretty Christmas package. One had a tag on it 'From Foster to Dad,' and the other 'To Carl from Jessie.' That was different liquor from the other liquor; one was Cream of Kentucky and the other Kenwood. I don't know who Foster is; it might be Charlie's son-in-law. I think Jessie was Charlie's

daughter. I do not know for certain." Another witness for the State testified to the following facts (his testimony being uncontradicted) : "While we were finding the liquor, he [the defendant] said that was all there. He said some of it was a Christmas present *he* had for somebody, and one of them was a Christmas present for *him*. (Italics ours.) After Louise and Charlie juggled a little bit, I believe she said it was her whisky. After talking it over or talking together they finally decided it must be Louise's. I don't think he ever said it was his liquor. One or two bottles were fixed up like Christmas presents. One had on it 'To daddy.' I believe it was from 'Jessie to daddy.' The other one was 'To Mr. Carl.'" The foregoing undisputed evidence authorized the jury to find that some of the whisky belonged to the defendant, that he knew that the concealed whisky was in the house, and that he was aiding and abetting his wife in the commission of a misdemeanor, even if the whisky belonged to her. The verdict was amply authorized, if not demanded, by the evidence; and under the facts of the case the excerpts from the court's charge, complained of, disclose no reversible error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*