### 34334. HUTCHENS *v.* THE STATE.

TOWNSEND, J. 1. (a) "As long as husband and wife are living together, the husband is the head of the family, and the house occupied by them may properly be denominated as his house, even though the wife pays the house rent and supports the husband." *Patterson* v. *State*, 8 *Ga. App.* 454 (69 S. E. 591); *Buchanan* v. *State*, 34 *Ga. App.* 155 (128 S. E. 686).

(b) Where husband and wife reside together, there is a legal presumption that all the household effects, including any intoxicating liquors, found in the house belong to the husband as head of the family. This presumption is rebuttable, but where not rebutted by competent evidence, a conviction of the wife for possessing intoxicating liquors found on the premises is contrary to law. *Dailey* v. *State*, 47 *Ga. App.* 57 (169 S. E. 678); *Dailey* v. *State*, 58 *Ga. App.* 401 (198 S. E. 791); *Jenkins* v. *State*, 51 *Ga. App.* 95 (179 S. E. 597).

(c) Here the only evidence tending to rebut the presumption that the liquor belonged to the defendant's husband rather than to the defendant was an inference to be drawn from the testimony that when the defendant was awakened in the night by her daughter's statement, "They have found your whisky," she said merely "Where?" This conversation was denied by both the defendant and her daughter. Insofar as it would raise an inference of guilt from failure to protest innocence, under these circumstances, it is at best weak and unsatisfactory, and in fact the answer "Where?" did not necessarily indicate that the whisky belonged to the defendant, because, had it been hers, she would be presumed to know where it was located. A charge upon the presumption that the whisky belonged to the husband as head of the house is pertinent and applicable under these circumstances. *Williams* v. *State*, 41 *Ga. App.* 351 (152 S. E. 911). And before the jury could determine whether the evidence for the State was sufficient to overcome this presumption, it would be necessary to instruct them as to the law on this subject.

2. Error is assigned on the following portion of the charge: "What the wife may have in her possession or in the house would be hers, if she had possession of it, or knew it was there, or controlled it, or with her husband. But unless the State proved that the husband had the house in his possession and she is merely paying the rent on the house, it has to go further and show that she had nothing to do with the liquor and it was in her possession." The charge as stated is confusing and misleading as an instruction that the contents of the house would be in the wife's possession *if she knew it was there,* and as an intimation that the State must prove possession in the wife *unless* the evidence showed possession in the husband. This portion of the charge is accordingly disapproved, although, in view of what is decided in the first division of this opinion, it is unnecessary to decide whether this alone would constitute error requiring reversal.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED NOVEMBER 18, 1952.

*Hicks & Culbert,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.