## 35075.   BLACK *v.* THE STATE.

DECIDED MARCH 10, 1954.

*Stow & Andrews, G. Fred Kelley,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.

CARLISLE, J.   On the defendant's trial under an indictment in two counts charging him with possessing and selling intoxicating liquors in Hall County, Georgia, he was found guilty on both counts.   His motion for a new trial, based on the usual general grounds and three special grounds (numbered 4, 5, and 6), was denied, and he has appealed to this court for a review of that judgment.

■ The general grounds of the motion for new trial, having been expressly abandoned in this court by counsel for the defendant in their brief, will not be considered.   Code § 6-1308.

■ In special ground 1, error is assigned on the refusal to grant a mistrial when, in reply to the solicitor-general's query why he went to the defendant's house, the sheriff of the county, while on the witness stand, answered: "Information was he had some whisky there." This reply elicited by the solicitor-general's ques-

tion was objectionable as hearsay, and, in the absence of corrective measures taken by the court, would—in view of the likelihood of its prejudicial effect upon the minds of the jurors—have constituted reversible error. It appears, however, that, upon objection by counsel for the defendant, the solicitor-general stated to the court in the presence of the jury, "We don't insist on that"; and, upon motion for a mistrial made at the time by counsel for the defendant because of such reply by the sheriff, the trial court admonished the witness: "Sheriff, that is out of line to answer that way. You have a right to say, 'On a report,' but not to state what it is, and [that] as a result of that report you went up there. Let's bear that in mind; don't be coming out with any statements like that." It also appears that, immediately following the rebuke of the sheriff, the court instructed the jury: "Gentlemen, you will not consider that statement [by the sheriff] of what the report was. It is all right for any officer to testify that he received a report, and in response to that report he did certain things, but not to state what the report was, because that is hearsay and not admissible and you will not pay any attention to that whatever so far as determining this case." The trial court did not, in view of the corrective measures taken, abuse its discretion in refusing to grant the mistrial requested. Where illegal evidence is volunteered by a witness, but the witness is promptly rebuked and the jury specifically instructed to disregard such evidence in its determination of the csae, it is not an abuse of discretion requiring the grant of a new trial for the trial court to overrule a motion for a mistrial based on the ground that such evidence was illegally admitted and so prejudicial that it was impossible to cure its prejudicial effect by simply ruling out such evidence. *Fitzgerald* v. *State,* 82 *Ga. App.* 521 (61 S. E. 2d 666) ; *Stanford* v. *State,* 201 *Ga.* 173 (2) (38 S. E. 2d 823), and citations.

■ In special grounds 2 and 3, it is contended that the trial court in the two following excerpts from its charge intimated: (1) that as a matter of fact there was intoxicating liquor in the defendant's house; and (2) that as a matter of fact the defendant made a sale of intoxicating liquor. (Special ground 2): "Now, gentlemen, I charge you that under the laws of Georgia that the husband is the head of the house and the law presumes

he owns everything in the house *including intoxicating liquor."* (Special ground 3) : "Now, with reference to whether *he made the sale,* or not, that is a matter for you to determine under the evidence in this case. The court does not state whether he possessed any liquor or whether he sold any liquor. That is a matter for you to determine from the evidence, including the defendant's statement." These two excerpts were charged in immediate connection with each other; that is, the first excerpt was immediately followed by the second. Both contain accurate and correct statements of the law (*Hutchens* v. *State,* 87 *Ga. App.* 219, 73 S. E. 2d 506), and citations; and, when the first is read in the light of the second, we think the jury clearly understood that whether intoxicating liquor was found in the defendant's house and whether he had made a sale of such liquor were matters exclusively for the jury's determination.

The trial court did not for any reason assigned err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*