39938. SCHIMMEL v. GREENWAY.

DECIDED JANUARY 24, 1963.

*Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiff in error.

*Brannon, Brannon & Schuder, Everett C. Brannon, Jr.,* contra.

BELL, Judge. The sole question raised by this appeal is whether the statute of limitation bars the plaintiff's cause of action. *Code* § 3-1004 provides that actions for injuries to the person shall be brought within 2 years after the right of action accrues except for injuries to the reputation which shall be brought within one year. Under this statute, it is clear the action is barred if the injury to the plaintiff's husband which resulted in loss of consortium to the wife is an injury to the person of the plaintiff. On the other hand if the plaintiff's loss of consortium of the husband is a property right, the action was seasonably filed, as actions for injuries to property rights may be brought within 4 years of the time of the accrual of the cause of action. *Code* § 3-1002. In *Brown v. Georgia-Tennessee Coaches, Inc.*, 88 Ga. App. 519 (77 SE2d 24), this court, for the first time, held that a wife could recover for the loss of consortium and companionship of the husband by reason of negligent injuries inflicted upon him by third persons. In reaching that conclusion this court held that the loss of services is an outworn fiction and the wife's interest in the undisturbed relation with her consort is no less worthy than that given the husband. "Nor is any valid reason apparent for allowing her recovery for a direct interference by alienation of affections, and denying it for more indirect harm through personal injury to the husband, where no such distinction is made in his action." Ibid., p. 530. The opinion went on to hold that the right to recover for loss of the husband's earnings and earning capacity was confined to the husband alone. Ibid., p. 532. In *Hosford v. Hosford*, 58 Ga. App. 188 (198 SE 289), the question was presented whether an action for alienation of affections was an injury to the person within *Code* § 3-1004. This court held that it was an injury to the person which must be brought within two years.

While there is no direct holding in this State that an action brought by the wife for the loss of consortium of the husband through negligent infliction of injuries is an action for injury to the person, under the *Brown* and *Hosford* cases we deem it abundantly clear that such an action is basically for the same loss sustained by the wife as in actions for alienation of affections.

In the reverse situation where the action was brought by the husband for loss of consortium of the wife through negligence it was held that action was one for injury to the person of the husband and barred under a statute of limitation having almost identical language with that of our statute of limitation. Rex v. Hutner, 26 N.J. 489 (140 A2d 753). See also 108 ALR 526.

Since the action here was for an injury to the person, it was barred by the two-year statute of limitation. The trial judge, therefore, erred in overruling the defendant's demurrers.

*Judgment reversed. Carlisle, P. J., and Hall, J., concur.*