## 42397. LANDERS v. THE STATE.

NICHOLS, Presiding Judge. Clifford A. Landers was indicted and convicted of possessing narcotics. On the trial of the case it was stipulated that legal title to the real property where the narcotics were found was in the defendant's wife, and on appeal the defendant contends that since title to the home was in the defendant's wife the presumption that the contraband narcotics were possessed by him was rebutted. It is also contended that the search warrant should not have been admitted in evidence over objection, based upon the affidavit as to reasonable cause, because the same was void. *Held:*

1. "Where a husband and wife reside together, he is head of the house, whether it be owned by or rented to the one or the other." *Bell v. State,* 92 Ga. 49 (3) (18 SE 186); *West v. State,* 74 Ga. App. 453 (2) (40 SE2d 156). No contention is made that the wife of the defendant did not reside in the

house, and she, when asked if the defendant was living in the house on the day the narcotics were discovered replied: "I would say that he was because that whole month he was gone maybe three fourths of the time but not all at once, maybe at two o'clock he might come in." Therefore, even if legal title to the real estate was in the wife, the defendant was the head of the household and possession of the narcotics was presumed to be his. *Sutton v. State*, 57 Ga. App. 251 (195 SE 219); *Pirkle v. State*, 54 Ga. App. 203 (187 SE 602). The jury was authorized to find that the presumption was not rebutted.

2. Under the decision in *Marshall v. State*, 113 Ga. App. 143 (147 SE2d 666), and the cases there cited, the affidavit in support of the search warrant, based upon information from an informant who had proven reliable in the past together with the personal observation of drug addicts going to the defendant's home, was sufficient to authorize the issuance of the warrant. See also *Hall v. State*, 113 Ga. App. 587 (149 SE2d 175). The cases cited by the defendant do not require a different conclusion.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ARGUED NOVEMBER 7, 1966—DECIDED NOVEMBER 14, 1966—
REHEARING DENIED NOVEMBER 29, 1966.

*Gower, Llorens, Noland & McGuigan, John McGuigan, William L. Gower,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.