## 43929.  WOOD v. THE STATE.

Deen, Judge.  1.  "The courts have decided that the Constitution requires that there be presented to the judicial officer issuing the [search] warrant some of the underlying circumstances relied on by the officer applying for the warrant, and, if the officer relies on an informant, some of the underlying circumstances from which the officer concluded that his informant was reliable." *Marshall v. State,* 113 Ga. App. 143, 146 (147 SE2d 666); *Hill v. State,* 114 Ga. App. 527, 528 (151 SE2d 818).  Personal observation by the affiant that known violators of the law sought to be enforced frequented the defendant's home, plus information "from an informant who had proven reliable in the past" of specific facts sufficient to constitute probable cause will authorize the issuance of the warrant.  *Landers v. State,* 114 Ga. App. 687 (1) (152 SE2d 431).  As against the motion to suppress evidence filed in this case on the ground that the evidence had been obtained as the result of a search under a warrant void on its face and issued without probable cause, the evidence was properly admitted.  The thrust of the attack upon the warrant goes to the allegations of the supporting affidavit, which measure up in every particular to the criteria set in *Landers,* supra.  The judicial magistrate is authorized to issue the warrant in all instances where the showing is made under oath and contains facts sufficient to show probable cause.  *Code Ann.*

§ 27-303. It is subject to attack on a motion to suppress evidence on the trial of the case for the reason, among others, that it was illegally executed (*Code Ann.* § 27-313), and proof that the facts sworn to in the supporting affidavit were actually false might well be proof of illegal execution. This was not, however, made a ground of the motion to suppress evidence in the present case. The officer whose name was signed to the supporting affidavit admitted on cross examination that some of the "facts" which he swore the informant had told him had not been furnished him at the time the affidavit was made, including the statement that the informant (Moxley) had purchased beer and whiskey from the defendant. Moxley, testifying on the subsequent trial of the case, swore that he did purchase beer from the defendant. It appears from all of the evidence that part of the statements made in the affidavit upon which the warrant was issued were true and part were false, thus exposing the affiant to a charge of false swearing. As against the attack that there was no showing of probable cause the question must be determined as of the time the warrant issued, and nothing here suggests that the issuing magistrate had reason to suspect that certain facts included in the affidavit were untrue. As stated above, there was no attack on the warrant on the ground that it was illegally executed. The motion to suppress evidence was properly denied.

2. Where the indictment is otherwise good, an obvious clerical error will not vitiate it. *Lewis v. State,* 55 Ga. App. 743 (2) (191 SE 278). This indictment is in the form required by *Code* § 27-701. The fact that it charges the defendant with selling beer "without first having obtained a license to deal in such beverages *and* [as] provided by law" is immaterial. The motion to quash the indictment is without merit.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*
Submitted September 10, 1968—Decided October 8, 1968.

*Guy B. Scott, Jr.,* for appellant.
*Clete D. Johnson, Solicitor General,* for appellee.