## 47715. DAVIS v. PATRICK.

BELL, Chief Judge. The issue here is whether the statute of limitation bars the plaintiff's claim. The suit was filed on May 24, 1972. The plaintiff alleges that she received personal injuries as the result of a motor vehicle collision with defendant on June 24, 1968. The complaint claimed damages for personal injuries and for loss of earnings and medical expenses. One of the defenses was the bar of the statute of limitation. A motion to dismiss was filed based on the ground that the plaintiff's complaint on its face shows that she is barred by the statute. The trial court granted the motion. It appears in the record that the plaintiff previously obtained a default judgment against defendant in the Fulton Superior Court in March, 1970. In October, 1971, the defendant, as plaintiff, filed a complaint in equity in the Fulton Superior Court, alleging that he had never been lawfully served in the prior suit; that at the time the complaint and

amendment were filed he was not a resident of the State of Georgia; and prayed that the trial court declare that he had never been served in the prior suit; to declare the service attempted by the defendant deputy sheriff void and to set aside the judgment. His motion for summary judgment was granted. The trial court's order granting the motion also decreed that the prior judgment was void as the trial court had no jurisdiction over the defendant "in that suit at the time of service." This order was filed on March 31, 1972. *Held:*

As there was a lack of personal service, the filing of the earlier complaint did not commence a suit against him and the prior judgment was wholly void. A void suit will not serve to toll the statute of limitation. *McClendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219, 224 (28 SE 152). Consequently, the two year statute of limitation will apply to the personal injury part of plaintiff's claim. Code Ann. § 3-1004. However, since she also is seeking damages for medical expenses and loss of earnings and/or earning capacity, this is a claim for damage to personalty and the four year statute applies. Code § 3-1002; *Robinson v. Bomar,* 122 Ga. App. 564 (5) (177 SE2d 815). Had the motion to dismiss been limited only to the personal injury claim the sustaining of the motion would have to be affirmed. But here there is a general motion to dismiss the entire claim which should have been denied because the claim for loss of wages or earnings and medical expenses was not barred. *Robinson v. Bomar,* 122 Ga. App. 564 (5), supra.

*Judgment reversed. Deen and Quillian, JJ., concur.*
ARGUED JANUARY 2, 1973 — DECIDED APRIL 3, 1973.

*White, Webb & Jewett, C. Lawrence Jewett,* for appellant.
*Stack, O'Brien & Neely, John Harris Paer,* for appellee.