### 49327. CENTRAL OF GEORGIA RAILWAY COMPANY et al. v. HARBIN et al.

DEEN, Judge.

1. On January 11, 1969, the plaintiff Carlton Harbin was involved in an automobile collision with a train operated by the defendants. This present action, seeking damages for injuries to the person, loss of consortium, and damages to the automobile, was filed February 21, 1972. No contention is made that Code Ann. § 3-508 is involved. The defendants appeal from the denial of summary judgment, contending that under Code Ann. § 3-1004 all claims for injuries to the person are barred by the statute of limitation. Plaintiff contends that the language added by Ga. L. 1964, p. 763 ("except for injuries to the person involving loss of consortium shall be brought within four years after the right of action accrues") allows the action to be brought within four years and a recovery of any damages proved, regardless of whether they are injuries to the person or not, provided the suit also claims damages for loss of consortium. We do not believe this was the legislative intent, especially since the general language of the former section, ("Actions for injuries to the person shall be brought within two years after the right of action accrues") was retained. The amendment follows closely upon the heels of decisions of this court in 1963 (*Schimmel v. Greenway,* 107 Ga. App. 257 (129 SE2d 542); *Pinkerton Nat. &c. Inc. v. Stevens,* 108 Ga. App. 159 (132 SE2d 119); *Wood v. Chevrolet Motor Div.,* 108 Ga. App. 457 (133 SE2d 382)), all holding that loss of consortium constituted an indirect injury to the person rather than a property right, with the result that under the the law as it existed at that time the two year statute of limitation

applied. We agree that under the law as presently amended the limitation period for loss of consortium is four years, the period for other injuries to the person (omitting injury to the reputation) is two years, and the phraseology of the amendment ("injuries to the person involving loss of consortium") must be limited to damages for loss of consortium. It does not extend the period during which damages may be sought for physical injury to the person and resulting pain and suffering, lost earnings, diminution of earning power, and so forth.

2. It is further contended that the appellants, having sought dismissal of the action in its entirety, cannot complain of the court's denial of what would in effect be a partial summary judgment, since the damages sought for property damage and for loss of consortium are not themselves barred. However, (1) the limitation of actions plea was included in the original answer, and (2) on January 10, 1974 prior to the order appealed from dated January 24, 1974, the motion was amended to make clear that only that part of the action seeking damage for injury to the person other than loss of consortium was being attacked. This question was before the court for consideration under its prior orders. It was error to deny the motion, considered as a motion for partial summary judgment, leaving for trial the consortium and property damage elements of the lawsuit.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 8, 1974 — DECIDED MAY 17, 1974 — REHEARING DENIED JUNE 11, 1974 —

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat, Jesse W. Hill,* for appellants. *Lanier Randall,* for appellees.