## 51949. STODDARD v. WOODS.

PANNELL, Presiding Judge.

Susan T. Woods "on or about June 25, 1972" received physical injuries as the result of a collision between an automobile driven by her, and an automobile driven by Dorothy Maxine Stoddard. Woods brought an action against Stoddard on June 6, 1975, seeking recovery for medical, surgical, dental, hospital and drug expenses incurred as a result of said injuries, and for lost wages caused therefrom. The defendant moved to dismiss the complaint on the grounds the two-year statute of limitation relating to personal injuries (Code § 3-1004) had run before the filing of the complaint. The trial judge overruled the motion and the defendant Stoddard appealed to this court. *Held:*

The trial judge erred. The decision in this case is controlled by the decision in *Leggett v. Benton Bros. Drayage &c. Co.,* 138 Ga. App. 761, which overruled *Robinson v. Bomar,* 122 Ga. App. 564 (177 SE2d 815); and *Davis v. Patrick,* 128 Ga. App. 677 (197 SE2d 743).

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., dissents.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 12, 1976 —

*Jim Hardy, Dunaway, Haas & Broome, Al Bridges,* for appellant.

*Neely, Freeman & Hawkins, Alan F. Herman, William Q. Bird,* for appellee.

EVANS, Judge, dissenting.

Susan T. Woods, as plaintiff, sued Dorothy Stoddard, as defendant, for damages sustained in an automobile wreck, including: medical expense, surgical expense,

dental expense, hospital expense, drug expense, future medical expense, and lost wages.

The suit was filed more than two years after the automobile collision, but within less than four years. Defendant's motion to dismiss the petition because, as he contended, it was barred by the two-year statute of limitation because it was for "personal injuries," was overruled, and defendant appeals.

Was the petition subject to motion to dismiss? That is the sole question for determination here.

In *Pinkerton Nat. Detective Agency, Inc. v. Stevens,* 108 Ga. App. 159, 163 (132 SE2d 119) a nine-judge court held: "Insofar as this action seeks to recover medical expense, *this is a property right subject to a four-year statute of limitation.*" (Emphasis supplied.) In *Krasner v. O'Dell,* 89 Ga. App. 718 (2) (80 SE2d 852) it is held that *medical expense* of a child, for which recovery is sought by the father, are elements of damages to the father's property rights, which case is cited in *Pinkerton,* supra.

Again, in *Davis v. Patrick,* 128 Ga. App. 677, 678 (197 SE2d 743) this court held: "However, since she also is seeking damages for *medical expenses and loss of earnings* and/or earning capacity, *this is a claim for damage to personalty and the four year statute applies.*" (Emphasis supplied.) This case was written by Chief Judge Bell, and Judges Deen and Quillian concurred. And in *Robinson v. Bomar,* 122 Ga. App. 564, 565 (5) (177 SE2d 815), this court held: ". . . but even though the personal injury claim is barred, an action for damage to personal property, *loss of wages, or for medical expenses incurred is maintainable . . .*" (Emphasis supplied.) and at p. 568 (5), it is stated: "These items are for injury to personalty and the statute of limitations as to them is four years." (Emphasis supplied.) This case was by Judges Eberhardt, Jordan and Pannell.

Code § 3-1002 provides that actions for injuries to personalty shall be brought within four years after the right of action accrues. The items sued for here, according to the above authorities, are clearly personalty, and are within the 4-year statute.

Defendant cites *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65, 66 (207 SE2d 597), but there the action was *not for medical expense nor for lost wages,* but it was for

injuries to the person, loss of consortium, and damages to the automobile. The damages to the car were not questioned but the entire discussion and decision is as to *loss of consortium,* and is therefore inapplicable to the case at bar.

But the majority opinion says that the quite recent case of *Leggett v. Benton Bros. Drayage &c. Co.* 138 Ga. App. 761 overruled *Robinson v. Bomar,* 122 Ga. App. 564, supra, and *Davis v. Patrick,* 128 Ga. App. 677, supra, and requires a decision to the effect that lost wages and medical expenses are barred after two years (see my dissent). *But overruling those two cases is not enough! It did not overrule the nine-judge court decision in the case of Pinkerton Nat. Detective Agency, Inc. v. Stevens,* 108 Ga. App. 159, 163, supra, and that case stands as the oldest case (and a nine-judge case, let us not forget) and the younger case must give way to the oldest case, under the rule of stare decisis. See Code Ann. § 24-3501; *Fidelity-Phenix Ins. Co. v. Mauldin,* 123 Ga. App. 108, 111 (179 SE2d 525); *Nichols v. Hampton,* 198 Ga. 327, 328 (1) (31 SE2d 659); *Forehand v. Moody,* 200 Ga. 166, 179 (36 SE2d 321).

We are not unmindful that the Supreme Court has driven a nail right into the heart of stare decisis in the case of *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839) and says that while it is a valid and compelling argument, still "stability must give way to justice" and *justice will prevail.* Under that authority, our position is still right and the *justice of this case* would demand that the items of medical expense and lost wages be governed by the 4-year statute of limitation and not the two-year statute. And again, under the *Hall* case, the contention that certain cases have been "overruled" is surplusage, because adverse cases may be merely disregarded where they *stand in the way of justice,* without going to the trouble of overruling them.

Finally, in comparing the older case of *Pinkerton* with the later case of *Leggett,* which the majority urges as its authority, we point out that the *Pinkerton* case had *the full concurrence of nine judges in the entire opinion; but the Leggett case had the concurrence of seven judges only in the opinion, one judge dissented and another concurred in*

*the judgment only.*

Let it be emphasized that *Pinkerton,* supra, being a nine-judge, full-bench decision of the Court of Appeals, is controlling authority under stare decisis and it can not be overruled without the concurrence of a full-bench of nine judges. See Code Ann. § 24-3501; *Basil v. State,* 22 Ga. App. 765 (1b) (97 SE 259); *Humthlett v. Reeves,* 211 Ga. 210, 216 (85 SE2d 25).

But no matter whether we follow the old and established rule of following, by stare decisis, the oldest full-bench authority which has not been reversed; or whether we follow the new and revolutionary doctrine laid down in *Hall v. Hopper,* supra, of disregarding and throwing out the window stare decisis and the oldest unreversed case, and *let justice prevail* regardless of hundreds of prior cases holding to the contrary, either route leads us to affirm the trial judge in the present case, and hold as the lower court held, that the two-year statute of limitation does not bar a suit for lost wages and medical expenses.

I therefore respectfully vote to affirm the trial judge, and dissent from the majority opinion.